FRANK HOUSE, GUARDIAN AD LITEM FOR ADDIE MOYE, AND CAROLYN F. JAMES, GUARDIAN AD LITEM FOR AGNES FULLILOVE, ET AL. v. HILLHAVEN, INC.; DAVID T. FLAHERTY, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES; AND I. O. WILKERSON, JR., IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE DIVISION OF FACILITY SERVICES OF THE NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES

No. 903SC1286

(Filed 21 January 1992)

**Costs § 37 (NCI4th) — plaintiffs not prevailing party — plaintiffs not entitled to attorney fees**

Plaintiffs were not entitled to attorney fees under N.C.G.S. § 6-19.1 in their class action lawsuit seeking declaratory and injunctive relief, alleging defendants' failure to provide adequate nursing care and to enforce patients' rights pursuant to state and federal law, where the parties settled the lawsuit but plaintiffs did not succeed on any significant issue which brought about the results they were seeking, and plaintiffs were thus not the prevailing party.

**Am Jur 2d, Costs §§ 11, 14, 15.**

HOUSE v. HILLHAVEN, INC.

[105 N.C. App. 191 (1992)]

APPEAL by plaintiffs from order entered 8 June 1990 by *Judge David Reid* in PITT County Superior Court. Heard in the Court of Appeals 28 August 1991.

On 8 April 1986, plaintiffs filed a class action lawsuit seeking declaratory and injunctive relief, alleging defendants' failure to provide adequate nursing care and to enforce patients' rights pursuant to state and federal law at University Nursing Center (Hillhaven) in Greenville, North Carolina. The parties entered a final settlement agreement on 16 March 1989. Plaintiffs filed a motion for attorney's fees and costs on 1 November 1989. The trial judge denied the motion on 8 June 1990, finding that plaintiffs were not the prevailing party and had not met their burden of proof. From this order, plaintiffs filed timely notice of appeal.

*Attorney General Lacy H. Thornburg, by Meg Scott Phipps, Assistant Attorney General, for the State.*

*Carolina Legal Assistance, by Christine O'Connor Heinberg and Pamlico Sound Legal Services, by Jack Hansel, for plaintiffs-appellants.*

JOHNSON, Judge.

Plaintiffs alleged in their amended complaint that defendants repeatedly failed to enforce the provisions of the Nursing Home Patients Bill of Rights, G.S. § 131E-117 (1988 and Cum. Supp. 1990), and state licensing rules and regulations, N.C. Admin. Code tit. 10 (May 1991), which are intended to insure quality of care and protect the dignity of patients. Defendants, the Department of Human Resources (DHR), the Division of Facility Services (DFS), David T. Flaherty, and I.O. Wilkerson, Jr. (hereafter also referred to as state defendants), are responsible for enforcement of the plaintiffs' rights under the previously mentioned statutes. This appeal, however, deals only with the issue of awarding attorney's fees. The relevant facts pertaining to this issue are set out below.

Plaintiffs' prayer for relief requested that the court (1) certify the action as a class action; (2) enter a declaratory judgment stating that defendants Flaherty and Wilkerson violated their duties under former G.S. § 131E-126 (now G.S. § 131E-129) by failing to impose administrative penalties against the nursing home when violations of G.S. § 131E-117, creating a substantial risk of death or harm, were found; (3) enter a declaratory judgment stating that the failure

of the defendant-owner to provide, and the failure of defendants Flaherty and Wilkerson to require it to provide care, conditions and treatment in accordance with federal Medicaid and Medicare standards violate the rights of plaintiffs who are Medicare or Medicaid recipients under 42 C.F.R. §§ 405.1101-1137, 442.200-202, 442.250-254, and 442.300-346; (4) enter preliminary and permanent injunctions requiring the defendant-owner to comply with all state and federally mandated statutes for the treatment, conditions and care of the nursing home residents and ordering it to comply with the conditions of its contractual arrangements with the Department of Human Resources relating to patient care; (5) enter preliminary and permanent injunctions requiring defendants to properly monitor conditions, treatment and care at the nursing home and to enforce all state and federally mandated standards governing the care, conditions and treatment of residents of the nursing home; (6) enter an order appointing a receiver to administer and operate the nursing home until further order of the court; (7) enter an order requiring defendant-owner of the nursing home to submit to the court for its approval and to counsel for the plaintiffs, a plan for the fulfillment of their responsibilities under the injunction requested in paragraph four above; (8) enter an order requiring defendants Flaherty and Wilkerson to submit to the court for its approval and to counsel for plaintiffs, a plan for the fulfillment of their responsibilities under the injunction requested in paragraph five above; (9) enter an order granting plaintiffs their costs; and (10) grant plaintiffs all other just and equitable relief. No preliminary or permanent injunctions were granted, and no declaratory judgments or any other orders prayed for were entered.

On 3 June 1987, plaintiffs filed a motion for partial summary judgment against state defendants and renewed the motion based on the amended complaint in 1988. Because the judge found that genuine issues of material fact existed as to whether state defendants had adequately discharged their duties, the motion was denied.

Plaintiffs also filed a motion for a preliminary injunction against defendant Hillhaven in June, 1987, requiring it to suspend admissions to the facility, provide care to patients at the facility in accordance with requirements of the law, and provide its staff with independent training in order to provide better care. This request was denied on 9 July 1987, based upon a finding that state defendants had inspected the facility on 11 June 1987 and had found the facility in substantial compliance with licensing regula-

tions. The court did find, however, that independent training was needed. Hillhaven agreed to arrange such training, and no injunction was granted.

State defendants filed a motion to dismiss for mootness on 3 August 1987, based on the implementation of the new Administrative Penalty Act, G.S. § 131E-129, effective 1 October 1987. The court granted the motion to dismiss as to the plaintiffs' prayer for relief in paragraph two of the complaint where plaintiffs asked for a declaratory judgment regarding state defendants' failure to impose administrative penalties in situations which endangered the health, safety or welfare of patients.

On 19 August 1988, state defendants filed a motion in limine to limit the evidence presented at trial to events occurring on or after 1 October 1987 and to the new statute which became effective on that date. The court granted the motion, stating that no evidence regarding defendants' failure to impose administrative penalties prior to 1 October 1987 could be admitted. The court reserved ruling on whether plaintiffs could introduce evidence as to events occurring prior to 1 October 1987 for other purposes.

Affidavits presented by state defendants show that they had been working on guidelines for the implementation of the statute since its enactment in July, 1987. An affidavit from Darius Wells, dated 7 April 1988, stated that on 5 February 1988, Wells sent to his staff a memorandum providing guidelines for implementation of the new law. In the memorandum, Wells stated that with experience, the penalty amounts will be more refined and specific.

Settlement negotiations were encouraged by the presiding judge, and a settlement conference was held on 18 March 1988 in Greenville, North Carolina. Following the conference, counsel for state defendants wrote plaintiffs' counsel, stating that settlement negotiations were possible. Defendants' counsel then submitted the guidelines, which Wells had been preparing for his staff, to plaintiffs' counsel.

On 13 October 1988, the parties entered an initial settlement agreement. On 16 March 1989, the parties entered a final settlement agreement as to all claims. The State did not admit or concede any of plaintiffs' allegations. On 1 November 1989, plaintiffs filed a motion for attorney's fees and costs. The trial judge denied the

motion on the basis that plaintiffs were not the prevailing party and had not met their burden of proof.

Plaintiffs contend that they are entitled to an award of attorney's fees and costs pursuant to G.S. § 6-19.1. We disagree based upon the premise that plaintiffs are not the prevailing party.

North Carolina General Statute § 6-19.1 (1988) provides:

In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action brought by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. § 150A-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

First, it is imperative to note that G.S. § 6-19.1 is not applicable, and cannot be used by plaintiffs to recover attorney's fees unless plaintiffs are found to be the prevailing party. In our research, we find no North Carolina cases directly on point, and counsel for the parties have directed us to none. We do, however, find federal cases on point, and although not binding on this Court, we find them instructive.

A prevailing party is defined as "one in whose favor the decision or verdict is rendered and judgment entered; . . . the one in whose favor the verdict compels a judgment, or who in the end secures the most points." 67A C.J.S. *Parties* § 6 (1979). Parties may be considered prevailing when they vindicate rights through a consent judgment or without formally obtaining relief. *See Maher v. Gagne*, 448 U.S. 122, 65 L.Ed.2d 653 (1980). We believe, however, that the mere fact that plaintiffs obtained a settlement does not automatically transform them into prevailing parties for purposes of an award of attorney's fees.

In *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978), the "merits test" was used by the court to determine who was the prevailing party entitled to attorney's fees under 42 U.S.C. § 1988. Under the merits test, persons may be considered prevailing parties for the purposes of attorney's fees if they succeeded on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit. *Nadeau*, 581 F.2d at 278-79. Therefore, in the case *sub judice*, we will examine the benefits sought by the plaintiffs in the complaint versus those actually obtained by settlement, and thereby attain the status of prevailing party.

The evidence in the case at bar shows that plaintiffs did not succeed on any significant issue in the litigation. Plaintiffs sought injunctive and declaratory relief: neither was granted. They sought a declaratory judgment against state defendants, declaring that defendants had violated their duties under G.S. §§ 131E-129 and 131E-126. The motion for partial summary judgment on this issue was denied on 22 June 1988.

Plaintiffs sought preliminary and permanent injunctions against Hillhaven, requiring compliance with state and federal standards and compliance with its contract with state defendants regarding care. The motion for the preliminary injunction was denied on 9 July 1987, based on the fact that the nursing home was in substantial compliance with laws and regulations governing the licensing of the nursing home. The court did find that staff training, which the defendant Hillhaven agreed to, was necessary, but no preliminary or permanent injunction was entered.

Plaintiffs sought preliminary and permanent injunctions against state defendants, requiring proper monitoring of the conditions at the nursing home and the enforcement of all federal and state licensure standards. They sought an order requiring state defendants to comply with any injunction so entered. They also requested that the court appoint a receiver to operate the nursing home. None of those requests were granted.

Furthermore, plaintiffs did not prevail on their motions for summary judgment, jury trial, or preliminary injunction. Plaintiffs also did not prevail on defendants' motion to dismiss for mootness or on defendants' motion in limine. Plaintiffs failed to achieve any significant success on the injunctive and declaratory portions of this case.

**HOUSE v. HILLHAVEN, INC.**

[105 N.C. App. 191 (1992)]

In addition, on 29 February 1988, plaintiffs' counsel wrote a letter to defendant Hillhaven's counsel, stating that "[a]ny settlement agreement would have to incorporate such an injunction [to comply with all state and federal standards] in a Consent Order so that Plaintiffs would be able to use the contempt power of the Court to enforce the responsibilities of Hillhaven[.]" This threshold requirement demanded by the plaintiffs was not included in the settlement agreement. Applying the merits test to the aforementioned facts, we find plaintiffs' contention that they are the prevailing party and therefore entitled to attorney's fees meritless.

Moreover, although G.S. § 131E-129 was made effective 1 October 1987 and benefited plaintiffs, the statute did not occur as the result of this litigation. As a result of the new statute's enactment, however, defendants did draft guidelines and a table of penalties for use by the staff of the Licensure Section of the DFS in implementing the new law. Prior to the enactment of the new law, the staff was utilizing the sanctions proposal form and the procedure for implementing a plan of correction. An in-service training session which covered the new law was held 30 May 1988 — 2 June 1988 for the licensure staff and the certification staff in the DFS. The evidence tends to show that the Licensure Section had been working on the new law since its enactment and that this litigation was not the catalyst which prompted state defendants to action. In settling the lawsuit, plaintiffs merely accepted what state defendants were already doing to implement G.S. § 131E-129.

This Court, applying the merits test by weighing the benefits sought by plaintiffs against the recovery obtained, concludes that plaintiffs have not succeeded on any significant issue which brought about the results plaintiffs were seeking. Accordingly, we affirm the trial court's decision that plaintiffs are not the prevailing party; thus, they are not entitled to attorney's fees.

Affirmed.

Judges EAGLES and PARKER concur.