439 S.E.2d 607 (1993)
JACKSONVILLE DAILY NEWS CO., a North Carolina Corporation,
v.
The ONSLOW COUNTY BOARD OF EDUCATION.
No. 904SC1172.
Court of Appeals of North Carolina.
December 21, 1993.
Ordered Published February 3, 1994.
Cameron and Coleman by W.M. Cameron, III, Jacksonville, for plaintiff-appellant.
Sumrell, Sugg, Carmichael & Ashton, P.A. by Fred M. Carmichael, Rudolph A. Ashton, III, and Elliot Zemek, New Bern, for defendant-appellee.
COZORT, Judge.
Plaintiff newspaper brought an action against the Onslow County Board of Education alleging that the Board had violated N.C.Gen.Stat. § 143-318.9, et. seq. (1990), commonly referred to as the "Open Meetings Law," by approving a pay raise for Board members in a proceeding other than a meeting open to the public. The trial court concluded that the Board did not violate the Open Meetings Law. We reverse.
Before beginning our recitation of the facts, we note that effective appellate review was made more difficult by the filing of an incomplete record on appeal. The record lacks minutes of meetings, budget documents and other documents pertinent to the issues raised. We have, however, pieced together enough of the facts to resolve the issues presented.
At some point prior to 22 June 1987, the Onslow County Board of Education (Board) *608 prepared a proposed budget and request for funds for fiscal year 1987-1988 and submitted the proposal to the Onslow County Board of Commissioners (Commissioners) for its approval. As required by N.C.Gen.Stat. § 115C-429(a) (1987), the Board requested $5,425,031.00 for the fiscal year. Although the record does not contain the proposed budget submitted by the Board, the parties do not dispute that this initial document contained line items for teachers' salary supplements, for employer's matching costs and for increased salaries for Board members. In the budget ordinance adopted by the Commissioners, the Commissioners appropriated $4,786,000.00 to the school system. The budget contained a provision increasing each Board member's salary by $150.00 per month. According to the minutes of the 22 June 1987 school board meeting, the County Commission appropriated to the school system $639,031.00 less than requested by the Board.
On 22 June 1987, the Board met to consider the County Commission's reduction in the Board's budget request. According to the minutes of the 22 June meeting, the Board voted to reduce its proposed budget by "six hundred thousand dollars ($600,000.00) for teacher supplement plus thirty-nine thousand and thirty-one dollars ($39,031.00) for employer's matching costs and to delete nine thousand dollars ($9,000.00) for increase in the salaries of board of education members." Apparently, the Board then adopted a budget resolution containing line items for all expenditures for the upcoming fiscal year. Since the Board's original proposed budget was not included in the record, we are unable to determine how the budget reflects the reductions voted on by the Board. However, we note that beside the "Salary-Supplement" line, the dollar amount designated is "0," and beside the "Salary-School Board Member" line appears "$34,800," an increase of $9,000.00 from 1986-1987.
Sometime between 22 June 1987 and 19 April 1988, the Board received additional funds from the federal government. When these funds arrived, the Chairman of the Onslow County Board of Education requested that the County Commission appropriate to the Board an additional $250,000.00 to supplement the federal funds received so that the Board could "restore in full the teacher supplements." According to an amendment to the budget resolution dated 11 April 1988, the Board restored the teacher salary supplements and employer's matching costs. This document does not mention the increase in Board member salaries which the Board declined to adopt at the 22 June 1987 meeting.
The record shows that on 19 February 1988, Board chairman Fred Hargett sent a letter to the superintendent of Onslow County Schools authorizing him to increase the monthly salaries of Board members by $150.00. In addition, Hargett authorized the superintendent to make the salary increase retroactive to the beginning of the fiscal year. Hargett testified that the "Board never really took action" on the pay raises. Hargett testified at his deposition that he contacted each board member, except for one, and informed them that he was executing the Board's pay raise. Checks representing the retroactive pay raise were delivered to Board members in early April 1988.
At the Board's 19 April 1988 meeting, the Board went into executive session to discuss an exchange student matter. According to deposition testimony, at the end of the executive session, before the general public was allowed into the Board's meeting room, a question was raised regarding the Board's salary increases. A heated discussion of the Board's salary increase arose and members of the press who were outside the meeting room overheard conversations regarding the raises. The minutes of the 19 April meeting indicate that, after the public was allowed back into the meeting room, Board members made no further comments regarding the raises.
On 26 April 1988, plaintiff filed suit against the Board seeking (1) a declaration that the Board violated the Open Meetings Law, (2) judgment declaring the pay raise "null and void," and (3) injunctive relief enjoining further violations of the Open Meetings Law. The case was tried in April 1990. In an order entered 10 August 1990, the trial court concluded that all actions by the Board concerning *609 the implementation of the raises "were not in the nature of activities requiring an open meeting." The court also concluded that the discussions between Board members at the 19 April 1988 executive session did not violate the Open Meetings Law. The trial court entered judgment for defendant and directed plaintiff to pay to defendant $4,689.50 in attorney fees. Plaintiff appeals.
Plaintiff contends the actions taken by the Board violated the Open Meetings Law. We agree.
"[I]t is the public policy of North Carolina that the hearings, deliberations, and actions of [public] bodies be conducted openly." N.C.Gen.Stat. § 143-318.9 (1990). Onslow County Board of Education is a "public body" as defined in N.C.Gen.Stat. § 143-318.10 (1990). Further, N.C.Gen.Stat. § 115C-4 (1987) provides that meetings of school boards must be held in conformity with the Open Meetings Law.
Though the record is somewhat confusing, it appears that the Board voted in public session on 22 June 1987 to delete from their budget pay raises for members of the Board. When additional funds became available, the Board Chair determined that the pay raises could be implemented and should be made retroactive. Instead of considering such action at a public meeting, the Chair telephoned all members of the Board but one to obtain their approval. Thus the record reflects that the adoption of retroactive pay raises was never considered at a public meeting.
We hold that an action by the Board to give itself a pay raise must be deliberated at a meeting open to the public. We find that such deliberations and actions are exactly the type of "deliberations" and "actions" that the General Assembly intended be conducted openly at a public meeting. See, e.g., News & Observer Publishing Co. v. Board of Educ., 29 N.C.App. 37, 50, 223 S.E.2d 580, 588 (1976).
We hold that the trial court erred by concluding that all actions of the Board were "valid and not in the nature of activities requiring an open meeting." As reflected in the minutes of Board meetings, the only action taken at an open meeting and recorded in the minutes for the public's perusal is the Board's act of deleting the scheduled raises from the budget proposal. The budget amendment dated 11 April 1988 does not mention the Board's salary increase. These public records of the Board's actions must control our decision.
The Board argues that it did take action to accept its raise at a public meeting. The Board contends that the minutes do not properly reflect the action taken by the Board at the 22 June 1987 meeting. The Board argues that it decided to make its salary increase contingent upon receipt of additional funds from the County Commission. The minutes reveal no such contingency, and the Board approved the minutes at its 7 July 1987 meeting. While we do not hold that a public body may not revise minutes which do not accurately reflect what occurred at a meeting, to allow the Board to do so in this situation would be to allow the Board to circumvent the purpose of the Open Meetings Law.
In its complaint, plaintiff newspaper requested, among other things, that the trial court declare the pay raise null and void. At oral argument, counsel for plaintiff stated the plaintiff's goal is not to make the Board members return the pay raises. Rather, plaintiff seeks a declaration from the court that the Board's action was not proper. We agree with plaintiff that the proper result in this case is a declaration that the Board violated the Open Meetings Law; no purpose would be served by voiding the Board's action in such a manner as to require return of the monies by the Board members. See N.C.Gen.Stat. § 143-318.16A (1992). We note, however, that plaintiff, as prevailing party, is entitled to a reasonable attorney's fee under N.C.Gen.Stat. § 143-318.16B (1990). The cause should be remanded for that purpose.
In conclusion, the trial court's judgment is reversed. The cause is remanded to the superior court of Onslow County for (1) entry of judgment for plaintiff declaring the defendant's action in violation of Article 33B of Chapter 143 of the General Statutes, and (2) *610 awarding a reasonable attorney's fee to the plaintiff.
Reversed and remanded.
ORR and WYNN, JJ., concur.