H.B.S. CONTRACTORS, INC., Plaintiff-Appellant/Appellee v. CUMBERLAND COUNTY BOARD OF EDUCATION, Defendant-Appellee/Appellant

No. COA95-898

(Filed 19 March 1996)

1. Schools § 16 (NCI4th)— closed session—termination of building contract—no attorney-client privilege—no "administrative procedure"—violation of Open Meetings Law

Defendant board of education's decision to terminate a construction contract in closed session violated the Open Meetings Law where the board contended the challenged closed session was to preserve attorney-client confidences, or, in the alternative, any instructions given to the attorney concerned the "handling or settlement of . . . [an] administrative procedure," but the board's order to terminate the contract did not fall under the protective umbrella of the attorney-client privilege as it would have to be divulged, at a minimum, to plaintiff contractor, and "administrative procedure," as used N.C.G.S. § 143-318.11(a)(3), refers only to administrative proceedings instituted under this State's Administrative Procedure Act and does not include mere clerical or managerial instructions to terminate a contract.

Am Jur 2d, Schools § 61.

2. Schools § 16 (NCI4th)— violation of Open Meetings Law— action allowed to stand—consideration of statutory factors—interpretation of "person" proper

The trial court did not abuse its discretion in declining to void defendant board of education's termination of a construction contract during a closed session held in violation of the Open Meetings Law, and there was no merit to plaintiff's contention that the trial court improperly considered the fifth factor of N.C.S.G. § 143-318.16A(c)—"[t]he extent to which persons relied upon the validity of the challenged action, and the effect on such persons of declaring the challenged action void"—by failing to limit "persons" in this case to the surety, replacement contractors, or similarly situated entities, since the interpretation applied by the trial court that "persons" included any citizen of the State whose interests will be affected by voiding the Board's action best effectuated the legislative intent.

**Am Jur 2d, Schools § 61.**

**3. Evidence and Witnesses § 2593 (NCI4th)— alleged error— no better result if "error" not committed**

Even if the trial court erred in admitting the affidavit of plaintiff's counsel over defendant's objection without requiring the attorney to withdraw from representation, defendant was not prejudiced where the exclusion of the affidavit could not have resulted in a more favorable ruling for defendant.

**Am Jur 2d, Witnesses §§ 225-241.**

**Disqualification of attorney because member of his firm is or ought to be a witness in case—modern cases. 5 ALR4th 574.**

**Attorney as witness for client in civil proceedings— modern state cases. 35 ALR4th 810.**

**Attorney as witness for client in federal case. 9 ALR Fed. 500.**

**4. Costs § 37 (NCI4th)— plaintiff prevailing on same claims— plaintiff as prevailing party—award of attorney fees proper**

Plaintiff was a prevailing party and the trial court therefore did not err in awarding attorney's fees to plaintiff under N.C.G.S. § 143-318.16B where plaintiff sought a declaration that defendant board of education violated the Open Meetings Law and that defendant's termination of a construction contract was null and void; the trial court found that defendant violated the Open Meetings Law but allowed the termination to stand; plaintiff thus prevailed on the primary legal question in its cause of action; and plaintiff thus met with "significant success."

**Am Jur 2d, Costs §§ 57-70.**

Appeal by plaintiff and defendant from judgment entered 1 March 1995 by Judge Coy E. Brewer, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 30 January 1996.

*Thorp and Clark, by Herbert H. Thorp and Matthew R. Plyler, and Lee and Lee, by W. Osborne Lee, Jr., for plaintiff-appellant/appellee.*

*Womble Carlyle Sandridge & Rice, PLLC, by Elizabeth L. Riley, for defendant-appellee/appellant.*

**H.B.S. CONTRACTORS v. CUMBERLAND COUNTY BD. OF EDUCATION**

[122 N.C. App. 49 (1996)]

MARTIN, Mark D., Judge.

Defendant Cumberland County Board of Education (Board) appeals from the trial court's declaration that the Board violated the Open Meetings Law, N.C. Gen. Stat. § 143-318.9, *et seq.*; and plaintiff H.B.S. Contractors (HBS) appeals from the trial court's subsequent refusal to declare the Board's order terminating HBS' contract null and void.

At the outset we note N.C.R. App. P. 28(j) requires that briefs filed in this Court be "formatted according to Rule 26 and . . . limited to 35 pages of text . . . ." N.C.R. App. P. 28(j). Under Rule 26(g) "[a]ll printed matter must appear in at least 11 point type . . . ." N.C.R. App. P. 26(g). Accordingly, where printed matter within a brief is not at least 11 point type, the appeal is subject to dismissal. N.C.R. App. P. 25(b); *Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-568 (1984).

In the present case, the brief filed on behalf of H.B.S. does not comply with Rule 26(g). Nevertheless, in the interests of justice, we waive the present violation pursuant to N.C.R. App. P. 2 and address the merits.

On 25 June 1993 HBS entered into a construction contract (Contract) with the Board in which HBS agreed to build Federal Site No. 1 Elementary School (Project). On 18 November 1994 Michael Boose, Chairman of the Board, calendared an emergency meeting for 23 November 1994. On 21 November 1994 Maynette Regan (Regan), legal counsel for the Board, sent a letter to Herbert H. Thorp (Thorp), counsel for HBS, stating that no HBS attorney "was to communicate or cause another to communicate with the Board" regarding the project.

At the 23 November emergency meeting, the Board unanimously passed a motion to enter closed session, pursuant to N.C. Gen. Stat. § 143-318.11(a)(3), "to discuss a legal matter." The minutes of the closed session indicate the only non-Board members present were attorney Regan, Tim H. Kinlaw (Kinlaw), Assistant Superintendent of Operations with responsibility for school construction projects, and Superintendent John Griffin.

Kinlaw advised the Board: the project was severely behind schedule; the project was undermanned; the Department of Environment, Health, and Natural Resources was citing the Board for inadequate sedimentation control measures at the project; the project had some

unresolved construction issues; and there was a possibility of damage claims from the other prime contractors. The Board was also provided a report prepared by Dan MacMillan, the project architect, certifying that grounds for termination existed. After considering this information, the Board voted in closed session to terminate the contract. Kinlaw, acting at the Board's direction, informed HBS in writing that the contract was terminated.

On 4 January 1995 HBS instituted a declaratory judgment action seeking a declaration that the Board's termination of the contract violated the Open Meetings Law and that the termination order was null and void. On 1 March 1995 the trial court entered a judgment concluding the Board violated the Open Meetings Law. Nonetheless, after a plenary hearing and considering all relevant factors, the trial court refused to void the termination order.

On appeal HBS and the Board raise a myriad of contentions which can be consolidated into four issues—(1) whether the trial court erred in concluding the Board violated the Open Meetings Law by terminating the contract in a closed session; (2) whether the trial court erred by failing to declare the termination order null and void because of overriding policy considerations; (3) whether the trial court erred by admitting attorney Thorp's affidavit despite his continued representation of HBS; and (4) whether HBS is entitled to an award of attorney's fees.

Initially we note, "[a]lthough [this Court] may not question [findings of] fact . . . which are supported by [competent] evidence, we are not bound by the conclusions or inferences drawn by the trial court." *Howell v. Landry*, 96 N.C. App. 516, 523, 386 S.E.2d 610, 614 (1989), *disc. review denied*, 326 N.C. 482, 392 S.E.2d 90 (1990). Further, "[i]f [a] finding of fact is essentially a conclusion of law, [] it will be treated as a conclusion of law which is [fully] reviewable on appeal." *Bowles Distributing Co. v. Pabst Brewing Co.*, 69 N.C. App. 341, 344, 317 S.E.2d 684, 686 (1984).

I.

[1] We first consider whether the Board's decision to terminate the contract in closed session violated the Open Meetings Law.

N.C. Gen. Stat. § 115C-4 provides that school boards must comply with the Open Meetings Law, *Jacksonville Daily News Co. v. Onslow County Bd. of Education*, 113 N.C. App. 127, 130, 439 S.E.2d 607, 609 (1993), which, as a general rule, requires public bodies to hold official

meetings in open session so the public can attend, N.C. Gen. Stat. § 143-318.10(a) (Cum. Supp. 1995). See also N.C. Gen. Stat. § 143-318.9 (1993) (public policy of this State requires that "hearings, deliberations, and actions of [public bodies] be conducted openly," because public bodies "exist solely to conduct the people's business"). In fact, public bodies are allowed to enter closed sessions "only when required to permit [them] to act in the public interest . . . ." N.C. Gen. Stat. § 143-318.11(a) (Cum. Supp. 1995) (emphasis added).

Section 143-318.11(a)(3) establishes it is "in the public interest" to close a meeting which is held:

> (3) To consult with an attorney employed or retained by the public body in order to preserve the attorney-client privilege between the attorney and the public body . . . . General policy matters may not be discussed in a closed session and nothing herein shall be construed to permit a public body to close a meeting that otherwise would be open merely because an attorney . . . is a participant. The public body may consider and give instructions to an attorney concerning the handling or settlement of a claim, judicial action, or administrative procedure.

N.C. Gen. Stat. § 143-318.11(a)(3). In the present case the Board contends the challenged closed session was to preserve attorney-client confidences, or, in the alternative, any instructions given to attorney Regan concerned the "handling or settlement of . . . [an] administrative procedure."

Clearly, the Board's order to terminate the contract does not fall under the protective umbrella of the attorney-client privilege as it must be divulged to, at a minimum, HBS. *See Scott v. Scott,* 106 N.C. App. 606, 612, 417 S.E.2d 818, 822 (1992) (" 'If it appears by extraneous evidence or from the nature of a transaction . . . [the communications] were made for the purpose of being conveyed by the attorney to others, they . . . are not privileged.' " (*quoting Dobias v. White,* 240 N.C. 680, 684-685, 83 S.E.2d 785, 788 (1954))), *aff'd,* 336 N.C. 284, 442 S.E.2d 493 (1994). See also 81 Am. Jur. 2d *Witnesses* § 378 (1992).

As the attorney-client exception is inapplicable to the present case, we now consider whether issuing a termination order is an "administrative procedure." To resolve this contention we must necessarily refer to well established canons of statutory construction.

"If statutory language is clear and unambiguous, judicial construction is unnecessary and the plain and definite meaning of the statute controls." *Barnhardt v. City of Kannapolis*, 116 N.C. App. 215, 220, 447 S.E.2d 471, 475, *disc. review denied*, 338 N.C. 514, 452 S.E.2d 807 (1994). In any event, "[a] word of a statute may not be interpreted out of context but must be [read] as . . . part of the composite whole . . . ." *Desk Co. v. Clayton, Comr. of Revenue*, 8 N.C. App. 452, 456, 174 S.E.2d 619, 622 (1970). See also *Morecock v. Hood*, 202 N.C. 321, 323, 162 S.E. 730, 731 (1932) ("meaning of [an ambiguous] word may be ascertained by reference to the meaning of words with which it is associated."); 73 Am. Jur. 2d *Statutes* § 213 (1974) (courts should consider "the meaning naturally attaching . . . from the context, and adopt that sense of the word[] which best harmonizes with the context).

In the present case, the Board argues "administrative procedure" should be interpreted to include even the most trivial clerical or managerial orders. Not only would this interpretation be wholly inconsistent with the legislative intent behind the Open Meetings Law—to promote openness in the daily workings of public bodies—it would also superimpose an overly broad definition of "administrative procedure" which is clearly inconsistent with the overall context of the statute. Therefore, we conclude, "administrative procedure," as used in section 318.11(a)(3), refers only to administrative proceedings instituted under this State's Administrative Procedure Act, N.C. Gen. Stat. § 150B-1, *et seq.*, and does not include mere clerical or managerial instructions to terminate a contract.

We also note Chairman Boose testified the Board has a policy of entering closed session: (1) to avoid embarrassment of the individual or entity under discussion; (2) to discuss quality of performance; (3) to talk about specifics; and (4) to enable Board members to better express themselves. Our reading of section 318.11(a) does not reveal an exception to the Open Meetings Law premised on any of these considerations. Indeed, we believe it apparent the General Assembly intended the Open Meetings Law to curtail exactly this type of unwarranted secrecy by public bodies.

Accordingly, we affirm the trial court's declaration that the Board violated the Open Meetings Law by terminating its contract with HBS in closed session.

II.

[2] Because the Board violated the Open Meetings Law by terminating the contract during closed session, we now determine if the trial court erred by failing to void the termination order pursuant to N.C. Gen. Stat. § 143-318.16A.

When a public body violates the Open Meetings Law, the trial court "may declare any such action null and void." N.C. Gen. Stat. § 143-318.16A(a) (1993). The decision to void a challenged action is committed to the sound discretion of the trial court and, therefore, "can be reversed on appeal only if the decision is 'manifestly unsupported by reason' and 'so arbitrary that it could not have been the result of a reasoned decision.'" *Dockside Discotheque v. Bd. of Adjustment of Southern Pines*, 115 N.C. App. 303, 307, 444 S.E.2d 451, 453, *disc. review denied*, 338 N.C 309, 451 S.E.2d 634 (1994) (*quoting White v. White*, ·312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)) (citations omitted). In making this discretionary ruling, the trial court must consider six statutory, and any other relevant, factors. N.C. Gen. Stat. § 143-318.16A(c).

HBS argues the trial court improperly considered the fifth statutory factor—"[t]he extent to which persons·relied upon the validity of the challenged action, and the effect on such persons of declaring the challenged action void," N.C. Gen. Stat. § 143-318.16A(c)(5)—by failing to limit "persons," in this case, to the surety, replacement contractors, or similarly situated entities.

As the paramount objective in statutory interpretation is to give effect to the legislative intent, *McLeod v. Nationwide Mutual Ins. Co.*, 115 N.C. App. 283, 288, 444 S.E.2d 487, 490, *disc. review denied*, 337 N.C. 694, 448 S.E.2d 528 (1994), we decline to adopt the narrow reading proposed by HBS because we believe it neglects the overriding intent behind the Open Meetings Law—public bodies should act in open session because they serve the public-at-large, N.C. Gen. Stat. § 143-318.9. Rather, we believe the interpretation applied by the trial court—"persons" includes any citizen of the State whose interests will be affected by voiding the Board's action—best effectuates the legislative intent.

Further, we believe, after careful review of the present record, that the trial court did not abuse its discretion by declining to void the Board's action. Accordingly, although we may have reached a different conclusion than the trial court, we must uphold the trial court's

ruling. *Cf. State v. Jackson*, 322 N.C. 251, 257, 368 S.E.2d 838, 841 (1988), *cert. denied*, 490 U.S. 1110, 104 L. Ed. 2d 1027 (1989).

## III.

**[3]** We next consider the Board's allegation the trial court erred by admitting the affidavit of Herbert Thorp, counsel for HBS, over the Board's objection, without requiring attorney Thorp to withdraw from representation pursuant to Rule 5.2 of the North Carolina Rules of Professional Conduct.

Assuming, without deciding, the trial court erred, a remedy is nonetheless unavailable to the Board unless it can establish the error was prejudicial and, without the error, a different result would likely have ensued. *Boyd v. L. G. DeWitt Trucking Co.*, 103 N.C. App. 396, 405, 405 S.E.2d 914, 920, *disc. review denied*, 330 N.C. 193, 412 S.E.2d 53 (1991).

Here the trial court admitted the Thorp affidavit into evidence before ruling—in the Board's favor—that the termination order should remain in effect. Clearly, exclusion of the Thorp affidavit could not result in a more favorable ruling for the Board and, accordingly, we find no prejudicial error.

## IV.

**[4]** Finally, we consider whether the trial court erred by awarding attorney's fees to HBS under N.C. Gen. Stat. § 143-318.16B.

Section 318.16B provides, in pertinent part:

When an action is brought pursuant to . . . G.S. 143-318.16A, the court may make written findings <u>specifying the prevailing party</u> . . . and <u>may award the prevailing party</u> . . . reasonable attorney's fee.

N.C. Gen. Stat. § 143-318.16B (Cum. Supp. 1995) (emphasis added). Put simply, the issue for this Court is whether HBS prevailed where it established a violation of the Open Meetings Law and the trial court, nonetheless, subsequently refused to declare the Board's action void.

We note this Court recently addressed the award of attorney's fees under the superseded version of section 143-318.16B. *Jacksonville Daily News*, 113 N.C. App. at 131, 439 S.E.2d at 609 (plaintiff is prevailing party because it succeeded on only claim for

relief—a declaration defendant violated the Open Meetings Law). Nevertheless, *Jacksonville* is inapposite to the present case as HBS succeeded on some, but not all, of its claims.

When, as here, a plaintiff only succeeds on some of its claims, the Fourth Circuit applies the "merits test" to determine if plaintiff is a "prevailing party." *Smith v. University of North Carolina*, 632 F.2d 316, 350 (4th Cir. 1980) (applying "merits test" to 42 U.S.C. §§ 1988 and 2000(e)-5(k), statutory provisions which limit the award of attorney's fees to "prevailing" parties). Under the merits test, "to receive attorney's fees allowed by statute to the prevailing party, a party must prevail on the merits of at least some of his claims." *Id.* at 352 (emphasis added). This Court has also adopted the merits test as the proper standard for awarding attorney's fees to "prevailing" parties pursuant to N.C. Gen. Stat. § 6-19.1. *House v. Hillhaven, Inc.*, 105 N.C. App. 191, 195-196, 412 S.E.2d 893, 896 ("persons may be considered prevailing parties for the purposes of attorney's fees if they succeeded on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit."), *disc. review denied*, 331 N.C. 284, 417 S.E.2d 251 (1992). See also *Miller v. Henderson*, 71 N.C. App. 366, 371, 322 S.E.2d 594, 598 (1984) (attorney's fees can be awarded under section 1988 to a party that has been successful on a significant issue in the case).

We note the operative language—"prevailing party"—in the federal statutes and N.C. Gen. Stat. § 6-19.1 is identical to that found in N.C. Gen. Stat. § 143-318.16B. Therefore, we believe the question of whether HBS is a "prevailing party" under section 143-318.16B should be resolved by application of the merits test. Consequently, we must examine the benefits sought by HBS in its complaint versus those actually obtained and, thereby, determine if HBS "succeed[ed] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Hillhaven*, 105 N.C. App. at 196, 412 S.E.2d at 896.

In *Hillhaven* plaintiffs forwarded a myriad of claims. For example, plaintiffs sought a declaratory judgment finding the State violated N.C. Gen. Stat. §§ 131E-129 and 131E-126; and issuing preliminary and permanent injunctions requiring proper monitoring of the conditions at the nursing home. Plaintiffs did not succeed on these issues. In fact, plaintiffs lost every substantive issue presented to the trial court. This Court concluded, after "weighing the benefits sought by plaintiffs against the recovery obtained . . . that plaintiffs have not

succeeded on any significant issue which brought about the results plaintiffs were seeking." *Id.* at 197, 412 S.E.2d at 897.

In the present case, HBS sought a declaration the Board violated the Open Meetings Law and the Board's termination order was null and void. The trial court: (1) granted HBS' motion for summary judgment and concluded the Board violated the Open Meetings Law; (2) imposed a permanent injunction on the Board which prohibits it from "considering the performance of independent contractors or taking votes on the issue of the termination of independent contractors" in closed sessions; and (3) determined, in an exercise of its discretion, that the Board's termination order should not be declared null and void.

After careful review of the present record, we conclude HBS succeeded, at least in part, by securing a declaration the Board violated the Open Meetings Law. By establishing that violation, HBS prevailed on the primary legal question in its cause of action which, in our estimation, is "a significant success." In fact, only the trial court's subsequent ancillary ruling to leave the termination order intact precluded HBS from obtaining everything in its prayer for relief. Therefore, we conclude HBS is a "prevailing party," and, accordingly, affirm the trial court's grant of reasonable attorney's fees to HBS.

We have carefully reviewed the remaining assignments of error and conclude they are without merit.

Affirmed.

Judges EAGLES and MARTIN, John C., concur.