ELLA MAE FRADY HARWELL, ADMINISTRATRIX OF THE ESTATE OF GEORGE E. FRADY, DECEASED, EMPLOYEE, PLAINTIFF v. GROVES THREAD, EMPLOYER, AND GENERAL ACCIDENT INS. CO., CARRIER, DEFENDANTS

No. 8510IC662

(Filed 17 December 1985)

Master and Servant § 99— workers' compensation—appeal by defendant and cross-appeal by plaintiff—attorney's fees denied—remanded

　　A workers' compensation case was remanded to the Industrial Commission where the award of compensation to plaintiff was upheld after an appeal by defendants and a cross-appeal by plaintiff, the Commission denied plaintiff attorney fees under N.C.G.S. 97-88, and language in the Commission's order was so ambiguous as to preclude review as to whether the Commission believed it lacked authority to award attorney fees where both the insurer and claimant appealed.

　　APPEAL by plaintiff from the Industrial Commission. Order entered 18 February 1985. Heard in the Court of Appeals 2 December 1985.

This is an appeal from an order of the Industrial Commission denying plaintiff's motion to recover the costs of legal representation in appeals from an opinion and award of the Industrial Commission entered 10 December 1980. In the 1980 opinion and award, the Industrial Commission concluded that plaintiff was entitled to compensation and that the plaintiff was last injuriously exposed while employed with Groves Thread Corporation rather than with United Spinners Corporation. Groves Thread Corporation and its insurer appealed and plaintiff cross appealed. The opinion and award of the Industrial Commission was ultimately upheld in *Frady v. Groves Thread*, 312 N.C. 316, 321 S.E. 2d 835 (1984). After the completion of the appeal in *Frady*, the plaintiff filed a motion with the Industrial Commission seeking an award of attorney's fees for the cost of representation during the appeals process. From an order denying her claim for attorney's fees, plaintiff appealed.

*Charles R. Hassell, Jr. for plaintiff, appellant.*

*Kennedy Covington Lobdell & Hickman, by William C. Livingston, for defendants, appellees.*

HEDRICK, Chief Judge.

Plaintiff's sole contention on this appeal is that the Industrial Commission refused to award attorney's fees pursuant to G.S. 97-88 under a misapprehension of the law. G.S. 97-88 states:

> *Expenses of appeals brought by insurers.* If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

Plaintiff argues that the Industrial Commission denied her claim for attorney's fees under the mistaken belief that the Com-

mission could not award attorney's fees in a case in which the plaintiff as well as a defendant insurer appealed. The pertinent part of the Commission's order denying attorney's fees is as follows:

> G.S. 97-88 specifically provides that an attorney fee may be assessed against the defendants when the "proceedings were brought by the insurer." Inasmuch as the appeals herein were entered by both plaintiff *and* the defendants, the Full Commission is of the opinion that it would be improper to assess the attorney fee for plaintiff's counsel under the provisions of G.S. 97-88. Plaintiff's motion for assessment of fees under the provisions of the cited statute is hereby, DENIED.

"[G.S. 97-88] was written to enable the Industrial Commission to award attorneys' fees in those cases it deems proper." *Taylor v. J. P. Stevens Co.*, 307 N.C. 392, 398, 298 S.E. 2d 681, 685 (1983). In its sound discretion, the Industrial Commission may award claimant attorney's fees in cases defendant insurer appealed. G.S. 97-88. However, the Industrial Commission may not award attorney's fees pursuant to G.S. 97-88 in cases in which *only* the claimant appealed. *Id.*

The language in the Commission's order regarding G.S. 97-88 is so ambiguous as to preclude review as to whether the Commission believed it lacked authority to award attorney's fees in this case where *both* the insurer and the claimant appealed. We cannot discern whether the Industrial Commission exercised its discretion in denying attorney's fees or believed it was compelled to deny attorney's fees due to a misapprehension of the law. We therefore remand this case to the Industrial Commission for a *discretionary* determination consistent with this opinion.

Reversed and remanded.

Judges EAGLES and MARTIN concur.