630 So.2d 223 (1994)
Melvin KAHN, For Use and Benefit of AMICA MUTUAL INSURANCE COMPANY, etc., Appellant,
v.
Steven KAHN, and United States Fidelity and Guaranty Company, Appellees.
No. 92-1840.
District Court of Appeal of Florida, Third District.
January 4, 1994.
Roy D. Wasson, Miami, McNally & Walker, Coral Gables, and Eric S. Kleinman, Ellenville, NY, for appellant.
Richard A. Sherman and Rosemary B. Wilder, Ft. Lauderdale, Mark A. Pedisich, Plantation, for appellees.
Before HUBBART, BASKIN and COPE, JJ.

CORRECTED OPINION
PER CURIAM.
This is an appeal of a final judgment assessing attorney's fees under section 57.105(1), Florida Statutes (1991). We reverse.
Amica Mutual Insurance Company ("Amica") filed a subrogation action in the name of its insured, Melvin Kahn. Melvin Kahn was a passenger in a motor vehicle driven by his cousin, Steven Kahn. Melvin was injured in an automobile accident which occurred while Steven was driving. Appellee United States Fidelity and Guaranty Company was the insurer for Steven. The theory of the subrogation action was that Steven had been negligent.
When the case went to trial, the trial court granted a directed verdict in favor of the defendants. The directed verdict has since been affirmed on appeal. Kahn v. Kahn, 542 So.2d 997 (Fla. 3d DCA 1989) (table). In post-trial proceedings, the trial court granted the defendants' motion to assess attorney's fees against Amica under section 57.105(1), Florida Statutes (1991). This appeal follows.
The defendants argued below that there was simply no evidence that Steven Kahn had been negligent. The defendants attributed the accident to a so-called phantom vehicle, i.e., a vehicle which forced Steven Kahn's automobile off the road and left the scene without stopping. Amica's theory was that the cause of the accident was Steven's negligence.
Prior to trial, the defendants moved for summary judgment, contending that there was no evidence that Steven Kahn was negligent. Plaintiff and defendants provided the court with the evidence, pro and con. The court denied the motion for summary judgment. The court did, however, later enter a directed verdict at trial.
The difficulty we have with the section 57.105 award is that the trial court found sufficient issues in dispute to deny the defendants' motion for summary judgment. In order for there to be an award under subsection 57.105(1), there must be "a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the *224 losing party." Id.; see also Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla. 1982), receded from in part on other grounds, Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Personnel One, Inc. v. John Sommerer & Co., P.A., 564 So.2d 1217, 1219 (Fla. 3d DCA 1990). Where the trial court found that there was a sufficient justiciable issue created to survive summary judgment, we do not see how it can be said that there was a complete absence of a justiciable issue in the case. It is true that a directed verdict was later granted, but the granting of a directed verdict in favor of the defendants does not automatically translate into a determination that the action was without basis and frivolous.
The order awarding attorney's fees under section 57.105(1), Florida Statutes (1991), is reversed and the cause remanded with directions to enter judgment in favor of Amica.