Defendants have submitted arguments in response to plaintiff's motion and his attorney's statement of time and services, but have not requested an evidentiary hearing. Consequently, the motion is resolved based upon the written submissions of the parties.
The Industrial Commission and the Court of Appeals have each considered this case on three occasions. In the most recent Full Commission Opinion and Award in this matter, filed August 5, 1994, plaintiff's attorney was awarded $16,062.50 as a reasonable attorney's fee for valuable services rendered to plaintiff in the five preceding reviews of this record, and defendants were ordered to pay this pursuant to N.C.G.S. § 97-88. Upon appeal by the defendants, the Court of Appeals decision filed November 21, 1995 affirmed, noting that the requirements of N.C.G.S. § 97-88 were satisfied, and that there was "no error in the Commission awarding plaintiff costs, including attorney fees, for appeals to the Full Commission and to this Court." Plaintiff and his attorney are likewise entitled to fees for this latest appearance before the Court of Appeals. Harwell v. Thread, 78 N.C. App. 437, 439, 337, S.E.2d 112 (1985); Taylor v. J. P. Stevens Co., 307 N.C. 392,398, 298 S.E.2d 681 (1983). These awards pursuant to N.C.G.S. § 97-88 do not purport to cover services rendered at the initial hearing or, in light of other fees to be paid out of plaintiff's compensation, those incidental services only indirectly necessitated by the appeals which were rendered while the defendant's appeal was pending.
Based upon the written submissions of the parties, the undersigned find that the defendants appealed to the Court of Appeals from the August 5, 1994 Full Commission Opinion and Award; that the Court of Appeals' decision filed November 21, 1995 affirmed orders for the payment of benefits; that the plaintiff's attorney spent a total of 26.5 hours during the period September 9, 1994 through November 21, 1995 on matters relating to this claim, and that the predominate issues during that period were those raised by defendants' appeal; that plaintiff's counsel receives up to $150 an hour for similar services; and that, in light of the services rendered, the skill required, the results achieved, and the contingent nature of the fee contract, including the delay in payment such contracts entail, a fair and reasonable additional fee for plaintiff's attorney's efforts opposing defendants' appeal is $3,312.50.
We note that we failed to reiterate for a third time in our 1994 award our unappealed approval of plaintiff's counsel's fee contract, pursuant to N.C.G.S. § 97-90(c) (requiring approval of such agreements, "If . . . not considered unreasonable"), which provides that counsel will receive the customary 25% of cash benefits awarded, but consider it to be approved, and to the extent we have jurisdiction to do so, approve it now.
Consequently, IT IS ORDERED that the defendants shall comply with the affirmed 5 August 1994 award of the Commission, and to the extent it has not heretofore done so, shall pay in one lump sum accrued benefits due the plaintiff, subject to an attorney's fee of 25% of accrued benefits, excluding interest per N.C.G.S. § 97-86.2 due the plaintiff, and each fourth future payment of compensation, as a reasonable attorney's fee for services before the Deputy Commissioner and subsequent incidental services; and, that defendants pay, as a part of the costs, reasonable fees for his services before the Full Commission and Court of Appeals, including the $16,062.50 ordered in the referenced affirmed award, and an additional $3,312.50 for appearances before the Court of Appeals in respect to its decision filed November 21, 1995. N.C.G.S. §§ 97-86, 97-86.2, 97-90(c) and 97-88.
 S/ _______________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________ THOMAS J. BOLCH COMMISSIONER
JRW/Jss/ 7/15/96