FREE SPIRIT AVIATION, INC., AND GEORGE RONAN, PLAINTIFFS v. RUTHERFORD AIRPORT AUTHORITY, ET AL., DEFENDANTS

No. COA07-1034

(Filed 5 August 2008)

**Immunity— public official—airport authority contract**

Summary judgment for defendants was correctly denied on the issue of public official immunity in an action arising from an airport authority decision to not renew a Fixed Base Operator contract. Plaintiffs did not allege injury to themselves as distinct from the general public in their open meetings claim and did not seek compensation for an alleged violation of N.C.G.S. § 14-234(a)(1) so that public official immunity did not apply to such claims. Also, plaintiffs' claims for duress and wrongful interference with contract required malicious intent so that public official immunity was inapplicable to those claims.

Appeal by defendants from order entered 15 June 2007 by Judge Laura J. Bridges in Superior Court, Rutherford County. Heard in the Court of Appeals 21 February 2008.

*Yelton, Farfour, McCartney, Lutz & Craig, P.A., by Sam B. Craig, for plaintiff-appellees.*

*Womble Carlyle Sandridge & Rice, PLLC, by Sean F. Perrin, for defendant-appellants.*

STROUD, Judge.

Defendants appeal from an order denying summary judgment. Because we conclude that defendants have not met their burden of showing that the affirmative defense of public official immunity bars plaintiffs' claims, we affirm.

## I. Background

Plaintiff George Ronan ("Ronan") is the president of corporate plaintiff Free Spirit Aviation, Inc. ("Free Spirit"). In November 1995, Free Spirit became the Fixed Base Operator ("FBO") at the Rutherford County Airport ("the Airport"). Free Spirit served as FBO at the Airport under a contract with the Rutherford Airport Authority ("the Authority") which included granting Free Spirit "the right to sell petroleum products" and the duty to sell them at "fair, reasonable, competitive, and nondiscriminatory prices[.]" On 13 January 2006 the Authority voted not to renew the FBO contract with Free Spirit and instead awarded the FBO contract to Leading Edge Aviation effective 1 March 2006.

On 27 January 2006, plaintiffs filed a complaint in Rutherford County Superior Court against the Authority; Rusty Washburn, Phillip Robbins, Alan Guffey, Don Greene, all individually ("the individuals") and as members of the Authority; and David Reno, as a member of the Authority. The gravamen of the complaint, discussed in more detail below, asserted that defendants wrongfully deprived plaintiffs of the privilege of serving as FBO at the Airport. The complaint sought to enjoin the Authority from performing the FBO contract granted to Leading Edge Aviation, and prayed for compensatory and punitive damages from the individuals.

Plaintiffs voluntarily dismissed the complaint against David Reno on or about 23 February 2006. The remaining defendants, the Authority and the individuals, filed a joint answer 18 December 2006, denying the material allegations of the complaint and asserting six affirmative defenses including the defense of public official immunity. The Authority and the individuals jointly moved for summary judgment on 2 May 2007.

On 23 May 2007, the trial court heard the motion for summary judgment. On 15 June 2007, the trial court entered an order denying the motion for summary judgment on the basis that factual questions remained as to the material issues. Defendants appeal.

**FREE SPIRIT AVIATION, INC. v. RUTHERFORD AIRPORT AUTH.**

[191 N.C. App. 581 (2008)]

## II. Standard of Review

The denial of a motion for summary judgment is an interlocutory order which ordinarily would not be subject to immediate appellate review. *Snyder v. Learning Servs. Corp.*, 187 N.C. App. 480, 482, 653 S.E.2d 548, 550 (2007). Defendants contend that because their argument on appeal is the affirmative defense of public official immunity ("POI"), a substantial right is affected which is subject to immediate review. We agree.

Where the doctrine of public official immunity applies, the public official is immune from suit, not simply from any liability arising from a lawsuit. *Blevins v. Denny*, 114 N.C. App. 766, 769, 443 S.E.2d 354, 355 (1994). The right of a public official to be immune from suit, where applicable, is a substantial right. *Id.* The denial of a motion for summary judgment which is based on a defendant's assertion of public official immunity therefore affects a substantial right, subject to immediate review. N.C. Gen. Stat. § 1-277(a) (2007).

When the denial of a summary judgment motion is properly before this Court, as here, the standard of review is *de novo*. *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 83, 609 S.E.2d 259, 261 (2005). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). In applying Rule 56, this Court has held that "[s]ummary judgment is appropriate . . . if the non-moving party is unable to overcome an affirmative defense offered by the moving party." *Griffith v. Glen Wood Co.*, 184 N.C. App. 206, 210, 646 S.E.2d 550, 554 (2007) (internal footnote omitted).

## III. Analysis

The complaint alleged that four types of wrongful acts by the individuals entitle plaintiffs to relief: (1) discussion of the FBO contract in closed or secret meetings of the Authority in violation of N.C. Gen. Stat. § 143-318.9 ("the open meetings law"); (2) personal benefit from a contract made or administered on behalf of a public agency in violation of N.C. Gen. Stat. § 14-234(a)(1); (3) wrongful interference with plaintiffs' contract to operate the FBO at Rutherford County Airport; and (4) conspiracy to wrongfully interfere with plaintiffs' contract to operate the FBO at Rutherford County Airport. Plaintiffs alleged injury only to the citizens of Rutherford County resulting from violation of the open meetings law; alleged injury to the citizens of

Rutherford County resulting from the individuals' violation of N.C. Gen. Stat. § 14-234(a)(1), and specific injury to themselves resulting from defendant Don Greene's violation of N.C. Gen. Stat. § 14-234(a)(1); and specific injury to themselves for wrongful interference with contract and conspiracy to interfere with a contract. Plaintiffs added a "catch-all" provision at the end of the complaint asking that the individuals "be found personally financially liable due to their acts in willful violation of state law[.]"

On appeal, defendants argue only that the affirmative defense of POI bars the claims for violation of the open meetings law, violation of N.C. Gen. Stat. § 14-234(a)(1) and wrongful interference with contract. Plaintiffs contend that they have overcome the defense of POI because they alleged and forecast evidence that the individuals acted with malice.

POI bars a lawsuit seeking to recover compensation from a public official as an individual for injuries suffered as a result of his negligence in performing acts within the scope of his official duties. *Thompson Cadillac-Oldsmobile, Inc. v. Silk Hope Automobile, Inc.*, 87 N.C. App. 467, 469, 361 S.E.2d 418, 420 (1987), *disc. review denied*, 321 N.C. 480, 364 S.E.2d 672 (1988). Put another way, where a plaintiff seeks compensation from a public official as an individual for his official acts, the complaint "must allege and forecast evidence demonstrating that the offic[ial] acted maliciously, corruptly, or beyond the scope of duty." *Prior v. Pruett*, 143 N.C. App. 612, 623, 550 S.E.2d 166, 173-74 (2001), *disc. rev. denied*, 355 N.C. 493, 563 S.E.2d 572 (2002). A public official for purposes of applying the immunity doctrine is a person "whose position is created by the constitution or statutes of the sovereignty," *Cherry v. Harris*, 110 N.C. App. 478, 480, 429 S.E.2d 771, 772 (citation, quotation marks, brackets and ellipses omitted), *disc. review denied*, 335 N.C. 171, 436 S.E.2d 371 (1993), and who exercises discretion in the execution of "some portion of the sovereign power," *Cherry*, 110 N.C. App. at 480, 429 S.E.2d at 773 (citation and quotation marks omitted). The parties do not dispute that the individuals are all public officials.

We consider the claims *seriatim*. Plaintiffs do not allege that defendants' violation of the open meetings law caused injury for which they are entitled to compensation as persons distinct from the general public.[1] Therefore POI does not apply to the allegation of vio-

1. In fact, the open meetings law does not allow for such recovery. *See* N.C. Gen. Stat. § 143-318.16 (allowing injunctive relief against violations of the open meetings

lation of the open meetings law and we conclude that defendants' reliance on it is misplaced.[2]

Likewise, plaintiffs do not allege injury to themselves or seek compensation resulting from violation of N.C. Gen. Stat. § 14-234(a)(1), except as to defendant Don Greene ("Greene"). As with the open meetings law, N.C. Gen. Stat. § 14-234 does not contemplate recovery of compensation by an individual citizen from a public official as an individual. Thus, to the extent that plaintiffs seek relief other than monetary compensation under N.C. Gen. Stat. § 14-234(a)(1), POI is not applicable to bar the claim.

Plaintiffs do allege injury to themselves on two of their claims, both arising from an allegation that defendant Greene demanded from plaintiff George Ronan, in a threatening manner, "[y]ou're gonna give us a discount on fuel or you're gonna lose." Plaintiffs' complaint alleges that Greene's demand and the subsequent discount offered by Free Spirit are evidence that (1) Greene extorted an improper benefit from plaintiffs through his position as a public official in violation of N.C. Gen. Stat. § 14-234(a)(1), and (2) Greene was speaking on behalf of all the individual defendants in an attempt to wrongfully interfere with plaintiffs' contract with the Authority to operate the FBO.

Though N.C. Gen. Stat. § 14-234 does not contemplate recovery of compensation by an individual, plaintiffs' complaint also expressly states a claim for extortion. While we are aware that two federal district courts which have considered the issue have concluded that "no [civil] cause of action for extortion exists under North Carolina law[,]"[3] *Delk v. ArvinMeritor, Inc.*, 179 F.Supp.2d 615, 626 (W.D.N.C. 2002); *Godfredson v. JBC Legal Group, P.C.*, 387 F.Supp.2d 543, 555 (E.D.N.C. 2005) ("[A] survey of the applicable North Carolina authority indicates that no civil cause of action exists for the tort of extortion."), we construe plaintiffs' complaint as a cause of action for duress for the sole purpose of determining whether or not it is barred by the affirmative defense of POI. *See Radford v. Keith*, 160 N.C. App.

---

law); N.C. Gen. Stat. § 143-318.16A (allowing the superior court to declare an action taken in violation of the open meetings law to be "null and void").

2. We are aware that the trial court may award reasonable attorney's fees to the prevailing party in an action pursuant to N.C. Gen. Stat. § 143-318.16 or N.C. Gen. Stat. § 143-318.16A. N.C. Gen. Stat. § 143-318.16B (2005). However, the issue of whether POI applies to an award of attorney's fees under the statute is not before the Court in this appeal.

3. As the issue of whether a civil claim for extortion exists in North Carolina was not argued, we make no ruling either way on this issue.

41, 43-44, 584 S.E.2d 815, 817 (2003) ("Duress exists where one, by the unlawful act of another, is induced to make a contract or perform or forego some act under circumstances which deprive him of the exercise of free will." (Citation and quotation marks omitted.)), *aff'd per curiam*, 358 N.C. 136, 591 S.E.2d 519 (2004). An intentional wrongful act is an essential element of a claim for duress. *Id.* Greene's threatening demand for a discount, viewed in the light most favorable to the plaintiffs and drawing all reasonable inferences in plaintiffs' favor, *Carolina Bank v. Chatham Station, Inc.*, 186 N.C. App. 424, 427-28, 651 S.E.2d 386, 389 (2007), was intentional and wrongful, and therefore a malicious act. Because POI does not apply to claims based on malicious acts, POI does not bar plaintiffs' claim against Greene for duress.

Finally, defendants argue that POI bars plaintiffs' claim for wrongful interference with contract. Again, we disagree. Recovery of damages for injuries arising from wrongful interference with contract is a tort claim which is recognized in North Carolina. *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). Malice is an essential element of a claim for wrongful interference with contract. *Id.* at 661, 370 S.E.2d at 387 (A claim for wrongful interference with contract must allege, *inter alia*, that "the defendant intentionally induce[d] the third person not to perform the contract . . . and in doing so act[ed] without justification[.]"); *see also Rhyne v. K-Mart Corp.*, 149 N.C. App. 672, 689, 562 S.E.2d 82, 94 (2002) (A "wrongful [act] done intentionally without just cause or excuse" is malicious. (Citation and quotation marks omitted.)), *aff'd*, 358 N.C. 160, 594 S.E.2d 1 (2004).

As we concluded above, Greene's demand for a fuel discount is evidence of an intentional wrongful act. Plaintiffs further alleged and forecast evidence that Greene appeared to be speaking for all the individual members of the Authority when he made his demand. Viewed in the light most favorable to plaintiffs, as required on defendants' motion for summary judgment, *Carolina Bank*, 186 N.C. App. at 427-28, 651 S.E.2d at 389, this statement is sufficient evidence of the individuals' malicious intent to interfere with Free Spirit's contractual right and duty to sell petroleum products at "fair, reasonable, competitive and nondiscriminatory prices" to survive summary judgment on the issue of POI.

Defendants have not shown that plaintiffs could not overcome the affirmative defense of POI as to any of plaintiffs' claims. *See Collingwood v. G. E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d

425, 427 (1989). Therefore, denial of their summary judgment motion was proper. Accordingly, we affirm the order of the trial court. We emphasize that we are not deciding on the merits of plaintiffs' claims. Defendants' sole issue on appeal is the applicability of POI and our holding is therefore strictly limited to the application of POI to plaintiffs' claims.

Affirmed.

Judges TYSON and GEER concur.