FREE SPIRIT AVIATION, INC. AND GEORGE RONAN, PLAINTIFFS v. RUTHERFORD AIRPORT AUTHORITY; RUSTY WASHBURN, INDIVIDUALLY AND AS A MEMBER OF THE RUTHERFORD AIRPORT AUTHORITY; PHILLIP ROBBINS, INDIVIDUALLY AND AS A MEMBER OF THE RUTHERFORD AIRPORT AUTHORITY; ALAN GUFFEY, INDIVIDUALLY AND AS A MEMBER OF THE RUTHERFORD AIRPORT AUTHORITY; DON GREENE, INDIVIDUALLY AND AS A MEMBER OF THE RUTHERFORD AIRPORT AUTHORITY; AND DAVID RENO, AS A MEMBER OF THE RUTHERFORD AIRPORT AUTHORITY, DEFENDANTS

No. COA09-806

(Filed 3 August 2010)

**1. Attorney Fees— denial of summary judgment motion—reasonable pursuit of claim**

The trial court did not err by failing to award defendant attorney fees under N.C.G.S. § 6-21.5 for claims including malfeasance of office by retaliating against plaintiffs, improper personal benefit from a contract made or administered on behalf of a public agency, and wrongful interference with plaintiffs' contractual rights. Defendants failed to demonstrate why plaintiffs could not have reasonably pursued their claims given the rationale of the trial court's summary judgment order and the reasoning of the Court of Appeals in the first appeal.

**2. Attorney Fees— prevailing party—prevailed on significant issue**

The trial court erred by failing to award defendant attorney fees under N.C.G.S. § 143-318.16B based on its mistaken belief that it was required to designate either plaintiffs or defendants as the prevailing party, and that it was not possible for both to be prevailing parties. On remand, the trial court must determine whether defendants prevailed on a significant issue and if so,

**FREE SPIRIT AVIATION, INC. v. RUTHERFORD AIRPORT AUTH.**

[206 N.C. App. 192 (2010)]

whether in the exercise of the trial court's discretion, defendants should be awarded attorney fees.

Appeal by defendants from order entered 6 April 2009 by Judge Mark Powell in Rutherford County Superior Court. Heard in the Court of Appeals 30 November 2009.

> *Craig Law Firm, PLLC, by Sam B. Craig, for plaintiffs-appellees.*

> *Womble Carlyle Sandridge & Rice, PLLC, by Sean F. Perrin, for defendants-appellants Rusty Washburn, Phillip Robbins, Alan Guffey, and Don Greene.*

GEER, Judge.

The Rutherford Airport Authority ("the Authority") and its individual members Rusty Washburn, Alan Guffey, Don Greene, and Phillip Robbins (collectively "defendants") appeal from the trial court's order denying their motion for attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5 (2009) and N.C. Gen. Stat. § 143-318.16B (2009). Defendants contend they are entitled to attorneys' fees under N.C. Gen. Stat. § 6-21.5 with respect to those claims dismissed at the directed verdict stage because plaintiffs persisted in litigating the claims after they reasonably should have known the claims were not justiciable. Since defendants base their claim of non-justiciability solely on arguments regarding those claims that the trial court rejected at the summary judgment stage, we hold that the trial court properly determined that plaintiffs did not unreasonably continue to litigate those claims through trial.

With respect to the request for fees under N.C. Gen. Stat. § 143-318.16B, we hold that the trial court's refusal to award defendants attorneys' fees was based at least in part on its mistaken belief that only one party can be a prevailing party under N.C. Gen. Stat. § 143-318.16B. Because a lawsuit may result in more than one prevailing party and because the trial court made its decision while under a misapprehension of the law, we reverse and remand the portion of the trial court's order addressing N.C. Gen. Stat. § 143-318.16B for further findings of fact.

## Facts

From 1995 until 28 February 2005, plaintiff Free Spirit Aviation, Inc. ("Free Spirit"), which is owned by plaintiff George Ronan, was

the Fixed Based Operator ("FBO") at the Rutherford Airport. As the FBO, Free Spirit was responsible for managing the Airport, including selling fuel and repairing and maintaining airplanes. The Authority, which oversaw the FBO, was composed of five members: Rusty Washburn, Alan Guffey, Don Greene, Phillip Robbins, and David Reno. This appeal arises out of litigation concerning the Authority's selection of Leading Edge Aviation, one of Free Spirit's competitors, to take over as the FBO in 2006.

On 27 January 2006, plaintiffs filed suit against defendants, claiming improprieties in the Authority's selection of Leading Edge as the new FBO. Plaintiffs alleged that defendants violated Article 33C of Chapter 143 of the General Statutes, commonly known as the Open Meetings Laws, in holding certain meetings and in improperly entering into a closed session. Plaintiffs requested injunctions against further violations of the Open Meetings Laws and against implementation of the 13 January 2006 decision naming Leading Edge as the new FBO.

Plaintiffs also alleged that the Authority, acting through defendants Washburn, Robbins, Guffey, and Greene, unlawfully chose Leading Edge over Free Spirit to be the FBO in retaliation for complaints made by Ronan about the closed session meetings held by the Authority. Plaintiffs further alleged that Washburn, Robbins, and Greene engaged in malfeasance of office by receiving improper benefits from hangar lease agreements with the Authority and that Greene received a discount on fuel costs in violation of N.C. Gen. Stat. § 14-234(a)(1) (2009) (providing that "[n]o public officer or employee who is involved in making or administering a contract on behalf of a public agency may derive a direct benefit from the contract" except in limited situations). Plaintiffs also asserted claims for wrongful interference with contract, conspiracy, and punitive damages.

After plaintiffs filed their complaint, plaintiffs dismissed their claims against defendant David Reno, and defendant Phillip Robbins passed away. Mr. Robbins' estate was substituted as a defendant. Defendants then filed a motion for summary judgment, asserting that plaintiffs failed to produce any evidence to support any of their claims and, alternatively, that the individual defendants were entitled to public official immunity.[1]

---

1. Defendants' summary judgment motion is not included in the record on appeal. We have relied upon the description of that motion included in the trial court's order denying the motion for summary judgment.

On 15 June 2007, the trial court denied defendants' motion for summary judgment on the ground that genuine issues of material fact existed as to whether defendants violated the Open Meetings Laws, whether defendants acted in a retaliatory or malicious manner, whether the individual defendants were protected by public official immunity, whether the individual defendants received improper benefits in violation of N.C. Gen. Stat. § 14-234(a)(1), and whether defendants wrongfully interfered with plaintiffs' contract.

Defendants appealed the trial court's ruling that they were not entitled to the protection of public official immunity. On appeal, defendants contended that plaintiffs had failed to demonstrate that a genuine issue of fact existed regarding whether the individual defendants acted with malice. On 21 February 2008, this Court affirmed the trial court's denial of defendants' motion for summary judgment. *See Free Spirit Aviation, Inc. v. Rutherford Airport Auth.*, 191 N.C. App. 581, 582, 664 S.E.2d 8, 9-10 (2008) (*"Free Spirit I"*).

On remand and prior to trial, plaintiffs dismissed their claim for conspiracy and their claim for injunctive relief. The remaining claims proceeded to trial, and at the close of plaintiffs' evidence, the trial court granted defendants' motion for a directed verdict on plaintiffs' claims of malicious and retaliatory acts, receipt of improper benefits in violation of N.C. Gen. Stat. § 14-234(a)(1), wrongful interference with contract, and punitive damages.

Following defendants' evidence, the trial court submitted the following issues to the jury:

1. Whether there was an unannounced official meeting of the Rutherford Airport Authority on December 15, 2004? Answer:

2. Whether there was an unannounced official meeting of the Rutherford Airport Authority on February 21, 2005? Answer:

3. Whether there was an unannounced official meeting of the Rutherford Airport Authority on May 5, 2005? Answer:

4. Whether there was an unannounced official meeting of the Rutherford Airport Authority on September 22, 2005? Answer:

5. Whether there was an unannounced official meeting of the Rutherford Airport Authority on September 28, 2005? Answer:

6. Whether the closed sessions of the Rutherford Airport Authority for January 10, 2006, and January 13, 2006, were properly entered into? Answer:

In addressing these issues, the jury found that defendants did not have unannounced official meetings on the dates set out in questions one through five, but found, in response to question six, that the Authority improperly entered into closed sessions on 10 January 2006 and 13 January 2006.

The trial court granted plaintiffs' motion for attorneys' fees, finding that "Plaintiffs' claim for relief regarding Defendants' violation of the Open Meetings laws through improperly entering into a closed session on January 10, 2006, was a significant issue in this matter." The court concluded that it was required, under N.C. Gen. Stat. § 143-318.16B, to apply the "merits test" set out in *H.B.S. Contractors, Inc. v. Cumberland County Bd. of Educ.*, 122 N.C. App. 49, 468 S.E.2d 517, *disc. review improvidently allowed*, 345 N.C. 178, 477 S.E.2d 926 (1996). Applying that test, the trial court noted that "while Defendants prevailed on more claims, and Plaintiffs did not prevail on all of their claims, Plaintiffs did prevail on a very significant issue in this matter, and are the prevailing parties pursuant to N.C.G.S. § 143-318.16B."

The trial court further concluded that "Plaintiffs' issues regarding retaliatory or malicious acts; receipt of improper benefits and violations of N.C.G.S. § 14-234(a)(1); and wrongful interference with contract by Defendants, were justiciable, and were not frivolous." The trial court concluded, therefore, that defendants were not prevailing parties under either N.C. Gen. Stat. § 143-318.16B or N.C. Gen. Stat. § 6-21.5.

After noting that the individual defendants followed the advice of the Authority's attorney, the court entered judgment for attorneys' fees in favor of plaintiffs against solely the Authority in the amount of $17,500.00. The trial court denied defendants' motion for attorneys' fees. Defendants timely appealed to this Court from that order.

I

[1] Defendants first contend that the trial court erred in failing to award them attorneys' fees under N.C. Gen. Stat. § 6-21.5 for the following claims: (1) malfeasance of office by retaliating against plaintiffs, (2) improper personal benefit from a contract made or administered on behalf of a public agency in violation of N.C. Gen. Stat. § 14-234(a)(1), and (3) wrongful interference with plaintiffs' contractual rights. The trial court denied summary judgment as to those claims, but subsequently, at trial, granted a directed verdict on them.

**FREE SPIRIT AVIATION, INC. v. RUTHERFORD AIRPORT AUTH.**

[206 N.C. App. 192 (2010)]

N.C. Gen. Stat. § 6-21.5 provides:

> In any civil action, special proceeding, or estate or trust proceeding, the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was *a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading.* The filing of a general denial or the granting of any preliminary motion, such as a motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12, a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), a motion for a directed verdict pursuant to G.S. 1A-1, Rule 50, or a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees. The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.

(Emphasis added.) In this case, the trial court determined that the claims at issue "were justiciable, and were not frivolous" and that defendants were not prevailing parties under N.C. Gen. Stat. § 6-21.5.

We review a denial of a motion for attorneys' fees under N.C. Gen. Stat. § 6-21.5 for abuse of discretion. *See Willow Bend Homeowners Ass'n v. Robinson*, 192 N.C. App. 405, 417, 665 S.E.2d 570, 577 (2008). The presence or absence of justiciable issues in pleadings is, however, a question of law that this Court reviews de novo. *Sprouse v. North River Ins. Co.*, 81 N.C. App. 311, 325, 344 S.E.2d 555, 565, *disc. review denied*, 318 N.C. 284, 348 S.E.2d 344 (1986).

In deciding a motion under N.C. Gen. Stat. § 6-21.5, "the trial court is required to evaluate whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." *Sunamerica Fin. Corp. v. Bonham*, 328 N.C. 254, 258, 400 S.E.2d 435, 438 (1991). This Court has explained further:

> A "justiciable issue" is not defined by our statutes or case law. A "justiciable controversy" is a real and present one, not merely an apprehension or threat of suit or difference of opinion. Presumably, a "justiciable controversy" involves "justiciable is-

sues," thus those which are real and present, as opposed to imagined or fanciful. "Complete absence of a justiciable issue" suggests that it must conclusively appear that such issues are absent even giving the losing party's pleadings the indulgent treatment which they receive on motions for summary judgment or to dismiss.          .

*Sprouse*, 81 N.C. App. at 326, 344 S.E.2d at 565 (internal citations omitted).

Defendants contend that following the deposition of George Ronan, plaintiffs should have been aware that there was no justiciable issue as to their claims of retaliation, improper benefits, and wrongful interference with contract. According to defendants, plaintiffs should have ceased litigating those claims at that point.

With respect to the retaliation and wrongful interference with contract claims, defendants assert that Ronan's deposition established that there was no evidence of defendants' retaliating against plaintiffs for complaining about alleged violations of the Open Meetings Laws or of defendants' acting maliciously by selecting Leading Edge over plaintiffs. Defendants point out that Ronan, when asked in his deposition what evidence he had that the Authority was retaliating against him, said only: "Here I am. They threw me out." Defendants also point to other testimony by Ronan that he was upset about the selection of Leading Edge because its owner was the least qualified of the four FBO bidders. Defendants argue that Ronan's testimony showed that Ronan merely thought defendants made a mistake in selecting Leading Edge and not that defendants were acting maliciously in failing to choose Free Spirit as the FBO.

With respect to plaintiffs' claim that Washburn and Robbins, by leasing hangars at the Airport, received improper benefits in violation of N.C. Gen. Stat. § 14-234(a)(1), defendants point out that Ronan admitted in his deposition that an individual need not be an Authority member to lease an airport hangar or extend a lease on one, which defendants contend "ma[de] this claim meritless."

Defendants, however, made these exact arguments to the trial court as part of their motion for summary judgment. The trial court, in denying defendants' motion for summary judgment, concluded that Authority minutes, other portions of Ronan's deposition, and an e-mail were sufficient to give rise to an issue of fact regarding whether defendants had acted in a retaliatory or malicious manner,

FREE SPIRIT AVIATION, INC. v. RUTHERFORD AIRPORT AUTH.

[206 N.C. App. 192 (2010)]

whether defendants received improper benefits, whether defendants violated N.C. Gen. Stat. § 14-234(a)(1), whether defendants wrongfully interfered with plaintiffs' contracts, and whether the individual defendants were protected by public official immunity.

Defendants likewise made these same arguments in their appeal to this Court from that summary judgment order, contending that the same Ronan testimony established that the individual defendants did not act with legal malice and that plaintiffs thus could not overcome their defense of public official immunity.[2] Although this Court in *Free Spirit I* addressed only the issue of public official immunity, the Court, in the process, concluded—as the trial court had—that the evidence cited by defendants was not uncontroverted and that issues of fact as to legal malice existed with respect to the claims that defendants received improper benefits in violation of N.C. Gen. Stat. § 14-234 and wrongful interference with contract. *Free Spirit I*, 191 N.C. App. at 586, 664 S.E.2d at 12. In this appeal, defendants do not make any attempt to reconcile their arguments with the holding of *Free Spirit I* regarding the evidence.

To rule in defendants' favor, we would have to hold that a plaintiff is required to voluntarily abandon a claim even though a court has ruled that the claim may go to trial. Our appellate courts have not specifically addressed this issue. This Court has held that "[t]he mere fact that plaintiffs' complaint survived a Rule 12(b)(6) motion to dismiss is not determinative proof of justiciability." *Winston-Salem Wrecker Ass'n v. Barker*, 148 N.C. App. 114, 119, 557 S.E.2d 614, 618 (2001). The Court's reasoning was, however, that "[t]he purpose of a Rule 12(b)(6) motion to dismiss is to test the *legal sufficiency* of the complaint." *Id.* (emphasis added). A denial of a motion to dismiss, addressing only whether the complaint's allegations state a claim for relief, does not preclude a determination that the actual facts, as opposed to the allegations, are not sufficient to raise a justiciable issue. In contrast, at the summary judgment stage, the question is whether the non-movant has presented sufficient evidence to give rise to a genuine issue of fact on the material issues in the case and keep the case moving forward to the fact finder.

---

2. This Court takes judicial notice of defendants' brief in *Free Spirit I*. As this Court has previously held, "[i]n addition to the record on appeal, appellate courts may take judicial notice of their own filings in an interrelated proceeding." *Lineberger v. N.C. Dep't of Corr.*, 189 N.C. App. 1, 6, 657 S.E.2d 673, 677, *aff'd in part and disc. review improvidently allowed in part per curiam*, 362 N.C. 675, 669 S.E.2d 320 (2008). *See also Alford v. Shaw*, 327 N.C. 526, 541-42, 398 S.E.2d 445, 453-54 (1990) (taking judicial notice of briefs filed in Court in prior, related appeal).

Although the trial court, in this case, ultimately granted defendants' motion for a directed verdict, there was nothing until that point indicating to plaintiffs that no justiciable issue existed with respect to their claims. The Florida Court of Appeals addressed precisely this issue in *Kahn For Use & Benefit of Amica Mut. Ins. Co. v. Kahn*, 630 So.2d 223 (Fla. Dist. Ct. App. 1994) (per curiam). In *Kahn*, the trial court denied the defendants' motion for summary judgment, but, after the presentation of evidence, entered a directed verdict. *Id.* at 223. The trial court then awarded attorneys' fees to the defendants under Fla. Stat. Ann. § 57.105(1), which—like N.C. Gen. Stat. § 6-21.5—provides for an award of attorneys' fees to the prevailing party when the court finds that the losing party knew or should have known its claim or defense was not supported by the facts or the law.

When the plaintiffs in *Kahn* appealed, the appellate court reversed the award of attorneys' fees, explaining:

> The difficulty we have with the section 57.105 award is that the trial court found sufficient issues in dispute to deny the defendants' motion for summary judgment. In order for there to be an award under subsection 57.105(1), there must be "a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party." *Where the trial court found that there was a sufficient justiciable issue created to survive summary judgment, we do not see how it can be said that there was a complete absence of a justiciable issue in the case.* It is true that a directed verdict was later granted, but the granting of a directed verdict in favor of the defendants does not automatically translate into a determination that the action was without basis and frivolous.

630 So.2d at 223-24 (emphasis added) (internal citations omitted).

We find the Florida court's analysis persuasive under the circumstances of this case. Here, defendants have focused on the summary judgment evidence rather than the trial evidence and have not demonstrated why plaintiffs could not have reasonably pursued their claims given the rationale of the trial court's summary judgment order and the reasoning of this Court in the first appeal. Like the Florida Court of Appeals in *Kahn*, "we do not see how it can be said that there was a complete absence of a justiciable issue in the case" given the order denying summary judgment. *Id.*

**FREE SPIRIT AVIATION, INC. v. RUTHERFORD AIRPORT AUTH.**

[206 N.C. App. 192 (2010)]

Defendants argue, however, that such an approach would improperly preclude an award of fees whenever a case proceeded to trial after a denial of a motion for summary judgment. We need not address whether fees are always precluded after a denial of summary judgment because under the circumstances of this case—given the trial court's summary judgment order, our previous opinion in *Free Spirit I*, and defendants' arguments relying upon deposition testimony—the trial court did not err in denying defendants' motion for attorneys' fees under N.C. Gen. Stat. § 6-21.5.

II

**[2]** Defendants also contend that the trial court erred in denying their motion for attorneys' fees under N.C. Gen. Stat. § 143-318.16B, which provides:

When an action is brought pursuant to G.S. 143-318.16 or G.S. 143-318.16A, the court may make written findings specifying the prevailing party or parties, and may award the prevailing party or parties a reasonable attorney's fee, to be taxed against the losing party or parties as part of the costs. The court may order that all or any portion of any fee as assessed be paid personally by any individual member or members of the public body found by the court to have knowingly or intentionally committed the violation; provided, that no order against any individual member shall issue in any case where the public body or that individual member seeks the advice of an attorney, and such advice is followed.

The first issue raised by N.C. Gen. Stat. § 143-318.16B is the identification of the prevailing party or parties. "The designation of a party as a prevailing party . . . is a legal determination which we review de novo." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir.), *cert. denied*, 537 U.S. 825, 154 L. Ed. 2d 35, 123 S. Ct. 112 (2002). Nonetheless, an award of attorneys' fees pursuant to N.C. Gen. Stat. § 143-318.16B is "discretionary under the statute." *Knight v. Higgs*, 189 N.C. App. 696, 704, 659 S.E.2d 742, 748 (2008). Thus, even if a trial court determines that a party is a prevailing party, it may still exercise its discretion to refuse to award fees. *See News & Observer Pub. Co. v. Coble*, 128 N.C. App. 307, 311, 494 S.E.2d 784, 787 ("The award of attorneys' fees [under § 143-318.16B] is discretionary with the trial court. The trial court is authorized but no longer required to award attorneys' fees to the prevailing party."), *aff'd per curiam*, 349 N.C. 350, 507 S.E.2d 272 (1998).

In *H.B.S. Contractors*, 122 N.C. App. at 57, 468 S.E.2d at 523, this Court adopted the "merits test" for determining a prevailing party entitled to attorneys' fees under § 143-318.16B. As the Court explained, "[u]nder the merits test, 'to receive attorney's fees allowed by statute to the prevailing party, a party must *prevail on the merits of at least some of his claims.*' " *Id.*, 468 S.E.2d at 522 (quoting *Smith v. Univ. of N.C.*, 632 F.2d 316, 352 (4th Cir. 1980)). An award of attorneys' fees is authorized if a party succeeds " 'on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit.' " *Id.*, 468 S.E.2d at 523 (quoting *House v. Hillhaven, Inc.*, 105 N.C. App. 191, 195-96, 412 S.E.2d 893, 896, *disc. review denied*, 331 N.C. 284, 417 S.E.2d 251 (1992)).

In *H.B.S. Contractors*, this Court concluded that the plaintiff was a prevailing party because it "succeeded, at least in part, by securing a declaration the Board violated the Open Meetings Law." *Id.* at 58, 468 S.E.2d at 523. The Court held that H.B.S. was a prevailing party even though H.B.S. had not obtained everything set out in its prayer for relief, including its request for a declaration that the order based on the closed session was null and void. *Id.*

In this case, the trial court held that plaintiffs were prevailing parties and entitled to attorneys' fees, while defendants were not prevailing parties. The trial court concluded:

3. Plaintiffs succeeded on a significant issue in this matter in obtaining a verdict that Defendants violated the Open Meetings laws by improperly entering into a closed session on January 10, 2006.

4. In exercising its discretion to award attorney's fees pursuant to N.C.G.S. § 143-318.16B, the Court must apply the "merits test" adopted in *H.B.S. Contractors, Inc. v. Cumberland Co. Bd. of Education*, 468 S.E.2d 517 (N.C. App. 1996).

5. Applying the merits test here, while Defendants prevailed on more claims, and Plaintiffs did not prevail on all of their claims, Plaintiffs did prevail on a very significant issue in this matter, and are the prevailing parties pursuant to N.C.G.S. § 143-318.16B.

. . . .

7. Defendants are not prevailing parties under either N.C.G.S. § 143-318.16B or N.C.G.S. § 6-21.5.

FREE SPIRIT AVIATION, INC. v. RUTHERFORD AIRPORT AUTH.

[206 N.C. App. 192 (2010)]

Defendants do not dispute that plaintiffs were prevailing parties and do not challenge the trial court's award of fees to plaintiffs. Rather, defendants contend that they were also prevailing parties who were entitled to fees. This argument raises the question whether both a plaintiff and a defendant can be prevailing parties in the same action.

The plain language of the statute says a court may award attorneys' fees to "the prevailing party *or parties*." N.C. Gen. Stat. § 143-318.16B (emphasis added). Although no appellate court has addressed this issue in the context of N.C. Gen. Stat. § 143-318.16B, this Court held in *Persis Nova Constr., Inc. v. Edwards*, 195 N.C. App. 55, 66, 671 S.E.2d 23, 30 (2009), that the plain language of N.C. Gen. Stat. § 6-21.5, which also authorizes attorneys' fees to a "prevailing party," meant that "attorney's fees may be awarded against more than one party in an action." The Court then concluded that the trial court erred in determining that the defendants were not prevailing parties when they prevailed on the claims in the plaintiff's complaint, but the plaintiff prevailed on the defendants' counterclaim. 195 N.C. App. at 67, 671 S.E.2d at 30.

Other courts have recognized that the phrase "prevailing party" is " 'a legal term of art.' " *Griggs v. E.I. DuPont de Nemours & Co.*, 385 F.3d 440, 454 (4th Cir. 2004) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 149 L. Ed. 2d 855, 862, 121 S .Ct. 1835, 1839 (2001)). In *Grissom v. The Mills Corp.*, 549 F.3d 313, 318 (4th Cir. 2008), the Fourth Circuit parenthetically quoted *Smyth*, 282 F.3d at 274, which explains that since the phrase "prevailing party" is a term of art, it should be " 'interpreted consistently—that is, without distinctions based on the particular statutory context in which it appears.' " Interpreting the phrase in N.C. Gen. Stat. § 143-318.16B consistently with N.C. Gen. Stat. § 6-21.5 requires that we hold that more than one party—including both a plaintiff and a defendant in the same action—can be the prevailing party entitled to fees.

The trial court's conclusion of law number 5 stated that plaintiffs "[were] *the prevailing parties* pursuant to N.C.G.S. § 143-318.16B." In the decretal portion of the order, the trial court stated that "judgment is entered for Plaintiffs, *as prevailing party* in this matter, against Defendant Rutherford Airport Authority for attorneys fees pursuant to N.C.G.S. § 143-318.16B . . . ." These statements indicate that the trial court mistakenly believed that it was required to designate either

plaintiffs or defendants as the prevailing party, and that it was not possible for both to be prevailing parties.

When the trial court exercises its discretion under a misapprehension of the law, it is appropriate to remand for reconsideration in light of the correct law. In *Harwell v. Thread*, 78 N.C. App. 437, 438-39, 337 S.E.2d 112, 113 (1985), the plaintiff appealed from the Industrial Commission's denial of her claim for attorneys' fees, claiming the Commission denied her request for fees under the mistaken belief that it could not award attorneys' fees in a case in which both the plaintiff and the defendant insurer appealed. The Court agreed that the language in the Commission's order was ambiguous as to whether the Commission believed it lacked the authority to award fees in a case where both parties appealed. *Id.* at 439, 337 S.E.2d at 113. It, therefore, held: "We cannot discern whether the Industrial Commission exercised its discretion in denying attorney's fees or believed it was compelled to deny attorney's fees due to a misapprehension of the law. We therefore remand this case to the Industrial Commission for a *discretionary* determination consistent with this opinion." *Id.*

Similarly, here, even though the trial court had discretion whether to award fees, because it appears the court was acting under a misapprehension of law, it could not properly exercise that discretion. We must, therefore, remand for reconsideration of this issue under the correct standard. The trial court will be required to determine on remand whether defendants prevailed on a significant issue and if so, whether, in the exercise of the court's discretion, defendants should be awarded attorneys' fees.

Affirmed in part; reversed and remanded in part.

Chief Judge MARTIN and Judge ELMORE concur.