STROUD, Judge.
Defendant appeals orders denying his motions for change of venue, denying his motion for summary judgment, and granting plaintiff's motion for summary judgment. We affirm.
I. Background
In 2014, plaintiff Farm Bureau Mutual Insurance Company, Inc. ("Farm Bureau") and North Carolina Insurance Underwriting Association ("Insurance Underwriting") filed a complaint for a declaratory judgment arising "out of three claims of loss made by defendant for alleged property damage" that occurred during "storm Sandy," more commonly called Hurricane Sandy. Plaintiffs alleged that the Farm Bureau policy specifically excluded windstorm and hail damage and the Insurance Underwriting policy only covered windstorm and hail damage. According to plaintiffs, plaintiff Farm Bureau assessed the damage and ultimately plaintiffs paid $47,800.00 to defendant noting that "upon completion of the replacement of the dwelling he would be entitled to the replacement cost amount of up to $115,000.00," but defendant believed the amount should have been $170,000.00. Plaintiffs contend defendant breached the policy, and then alleged four other claims, three in the alternative, each of which addresses why defendant should not receive additional coverage under the policy. Defendant answered plaintiff's complaint and counterclaimed for breach of contract, unfair and deceptive acts, bad faith, and a declaratory judgment. After further pleadings and motions, in May of 2015, the trial court filed an order denying plaintiffs' motion for judgment on the pleadings and defendant's motion for change of venue without prejudice.
In January of 2016, defendant again moved for a change of venue. The following month, plaintiffs moved for summary judgment. Both the second motion for a change of venue and the motion for summary judgment were amended. The amended motion to change venue moved for the change
to Currituck County on the grounds that the Defendant is not a resident of Wake and does not have any affiliation with Wake County, the dwelling at issue in this cause occurred in Currituck County, North Carolina, and further that the convenience of witnesses and the ends of justice would be promoted by the change. Potential witnesses to this action include the Defendant, contractors, local building code officials, and local adjusters, who are located in and near Currituck County, along with the property at issue in this action. Further, the Defendant is the primary caregiver for his three year-old grandson, who has medical needs that require the Defendant to be in proximity to his three year old adopted grandson.
Further, there are very few, if any, employees of Farm Bureau in Raleigh who are likely to testify in this action; rather, the bulk of Farm Bureau's employees who may testify in this matter are in or near Pasquotank and Currituck County.
The amended summary judgment motion moved for summary judgment
[i]n accordance with the appraisal award as to "Coverage A-Dwelling," for judgment declaring that the defendant is not entitled to any recovery for "Coverage C-Personal Property" or "Coverage D-Loss of Use" because of his violation of a policy condition precedent to coverage, and dismissal of all claims asserted by defendant. Alternatively, plaintiffs hereby move for summary judgment in accordance with the appraisal award as to all policy coverages and dismissal of all claims asserted by the defendant. The Plaintiffs show the Court that there are no genuine issues of material fact and the Plaintiffs are entitled to judgment as a matter of law as stated above.
The amended motions for summary judgment and change of venue were heard before the trial court, and in open court defendant also moved for summary judgment. The trial court ultimately granted plaintiffs' motion for summary judgment, denied defendant's motion for change of venue, and entered an order stating:
THIS MATTER having come on for hearing before the Honorable A. Graham Shirley, II at the February 22, 2016 session of Civil Superior Court in Wake County upon (1) the Plaintiff's Amended Motion for Summary Judgment pursuant to N.C.G.S. § 1A-1, Rule 56 of the North Carolina Rules of Civil Procedure for judgment in accordance with the appraisal award as to "Coverage A-Dwelling," for judgment declaring that the defendant is not entitled to any recovery for "Coverage C-Personal Property" or "Coverage D-Loss of Use" because of his violation of a policy condition precedent to coverage, and for the dismissal of all claims asserted by the defendant, (2) the defendant's Amended Motion to Change Venue pursuant to N.C.G.S. §§ 1-82, 1-83 and 1A-1, Rule 12(b)(3) of the North Carolina Rule of Civil Procedure, and (3) the defendant's Motion for Summary Judgment made in open court at the hearing;
AND IT APPEARING to the Court, after having reviewed and considered the pleadings and discovery of record, the affidavits submitted by the parties, the exhibits presented by counsel, and after having heard the oral arguments of counsel and having considered the legal authorities presented by counsel, that there are no genuine issues as to any material fact and that the Plaintiffs are entitled to judgment as a matter of law as requested in their Amended Motion for Summary Judgment, and that the defendant's Amended Motion to Change Venue and Motion for Summary Judgment should be denied[.]
Defendant appeals.
II. Summary Judgment
Defendant raises four arguments on appeal regarding summary judgment.
When the denial of a summary judgment motion is properly before this Court, as here, the standard of review is de novo. Summary judgment must be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.
Free Spirit Aviation, Inc. v. Rutherford Airport Auth., 191 N.C. App. 581, 583, 664 S.E.2d 8, 10 (2008) (citations and quotation marks omitted).
A. Condition Precedent to Coverage
Defendant first contends that the trial court erroneously ruled in plaintiffs' favor "on the theory that the plaintiff violated a condition precedent to coverage." (Original in all caps.) Both policies contain language requiring a claimant to submit to an examination under oath ("EUO") to receive coverage. Defendant claims he did submit to the EUO but did not agree to it being audio recorded. Defendant argues that a stenographer would have been acceptable, but audio recording the examination was not specifically required by the policy, and he "cannot be denied coverage for a good faith interpretation of the policy." Defendant also claims plaintiffs were not prejudiced by his refusal.
Defendant cites no law applicable to his specific argument that the insurance policies do not require audio recording of the EUO. Defendant is correct that the insurance companies could not require more of defendant than what is required by the language of the policies, but defendant's interpretation of the EUO provision is not reasonable. Defendant's position is that although he must submit to an EUO under the policies, since no particular method of memorialization of that examination is stated in the policy, stenographic recording is acceptable but audio recording is not, because he decided that he preferred stenography. Defendant has presented no legal or practical reason for his interpretation. A good faith and reasonable interpretation of the EUO requirement should be based upon the usual practices in the place and time of the examination. Currently, in North Carolina, stenographers are relatively rare and expensive; audio recording is readily available, inexpensive, and used extensively. While defendant argues for his good faith interpretation of the policies, he does not provide a single reason for this stance beyond that he simply did not want to be audio recorded. Last, on prejudice, as plaintiffs point out, the prejudice is reflected in defendant's own statements, as in his deposition over two years after the EUO was originally scheduled defendant claimed to not remember many details of his claims. Had defendant submitted to the recorded EUO soon after the losses as plaintiffs requested, his memory would have been preserved. This argument is without merit.
B. Appraisal
Defendant next contends the appraisal was invalid for two reasons. First, defendant argues "the parties expressly agreed that the umpire 'will not negotiate matters of difference but will, for each matter put before me, select one of the two appraisals submitted to be by the aforenamed appraisers.' "[1] There is no evidence the parties agreed to this change in the insurance policy provisions. Plaintiffs note a document proposed by defendant and signed only by defendant's appraiser. Defendant seems to concede in the next sentence of his argument there was no express agreement because he argues he "wanted this provision in the agreement." Defendant's mere wishes for a modification of the terms of the appraisal process as provided by the policies are irrelevant.
Second, defendant contends "the appraisal did not address the pertinent issue under the policies" and focuses his argument on case law noting that an appraisal does not dictate coverage under the policy. (Original in all caps.) We have read defendant's argument several times to discern exactly why he is challenging the appraisal, and he seems to argue that due to changes in the building code his trailer cannot be rebuilt in exactly the same way as it was prior to the damage; thus, the appraisal should have considered a structure that could actually be built within the code. While being able to repair or construct a home in compliance with the law is a relevant inquiry as to coverage, it is unclear what theoretical "thing" defendant claims the appraisal should have appraised. This appraisal was not meant to serve as an estimate of costs of building other types of homes that would comply with the building codes; again, while this may be a valid consideration under the policies for coverage, it was not the purpose of this appraisal under the terms of the policy. Defendant cites neither the law nor his insurance policies to support any argument that the appraisal should have considered something different than the cost of replacement, the cost of what defendant lost-the cost it actually considered. This argument too is without merit.
C. Extra-Contractual Claims
Finally, as to summary judgment, defendant contends "the plaintiffs are not entitled to judgment on plaintiff's extra-contractual claims" for bad faith and unfair and deceptive trade practices. Defendant then notes a list of various "facts" from the case that have absolutely no bearing on this issue. Defendant has failed to point to a single piece of evidence indicating bad faith or unfair and deceptive trade practices by plaintiffs. Although defendant's residence sustained greater damage due to the delay in the appraisal and adjustment process, defendant's own objections and delays to the process caused many of these issues. This argument is without merit.
III. Venue
Last, defendant contends the trial court erred in denying his motion to change venue because his damaged property and material witnesses were in Currituck County so the case should have been heard there. Defendant also notes he was the primary caregiver for a four-year-old child at the time. While we agree with defendant that Currituck County seems the more logical place to hear this case, considering the evidence and witnesses involved, we review denials of a change of venue for abuse of discretion. See Zetino-Cruz v. Benitez-Zetino, --- N.C. App. ----, ----, 791 S.E.2d 100, 105 (2016) ("If, however, the case has been filed in a substantively proper venue and a defendant moves to change venue after filing an answer, the trial court may in its discretion change venue, so we review that ruling for abuse of discretion. There is no bright line test for abuse of discretion as to venue, and our review is based upon all of the facts and circumstances. The trial court is given broad discretion when ruling on a motion to change venue for the convenience of witnesses: The trial court may change the place of trial when the convenience of witnesses and the ends of justice would be promoted by the change. However, the court's refusal to do so will not be disturbed absent a showing that the court abused its discretion." (citations and quotation marks omitted)).
Defendant cites to one case where a denial of a change of venue was determined to be an abuse of discretion, but in that case, there was no connection to the county where the case was tried except for the plaintiff's attorney's office. See United Services Automobile Assn v. Simpson, 126 N.C. App. 393, 400-01, 485 S.E.2d 337, 341-42 (1997) ("The facts and circumstances in the present case show that the Kaplans, defendants, and the majority of non-party witnesses reside in Guilford County. Plaintiff USAA's business activities in Forsyth County have no connection to the underlying action or the present coverage action and USAA has no employees residing in Forsyth County. Also, the Chief Justice of the North Carolina Supreme Court designated Kaplan v. Prolife Action League an exceptional case and assigned the Honorable Thomas W. Ross to hold such sessions of court as may be set and to attend to such in-chambers matters and other business as may be necessary and proper for the orderly disposition of Kaplan v. Prolife Action League. The record reveals only one connection between this action and Forsyth County: the attorneys for plaintiff insurance company maintain their offices in Winston-Salem, North Carolina. Given that the underlying action in this case is designated exceptional and all interested parties and a majority of non-party witnesses reside in Guilford County, we are persuaded that the trial court abused its discretion in denying the motion for change of venue. The ends of justice will be promoted by, and in addition demand, that the motion for change of venue should have been granted, so that the superior court judge designated by the Chief Justice can hear all issues arising from and relating to Kaplan v. Prolife Action League, et al." (emphasis added) (quotation marks omitted)). Here, both plaintiffs have principal places of business in Wake County. We cannot say the trial court abused its discretion by denying the change of venue. This argument is overruled.
IV. Conclusion
We affirm.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and DAVIS concur.

In defendant's reply brief he directs this Court to a series of emails which were not in the record and he contends they demonstrate the "express agreement" regarding the umpire. Even if we were to consider the appendix of the reply brief, these emails simply show the parties' negotiations and do not memorialize any final agreement.