ENSLEY v. FMC CORP.

[222 N.C. App. 386 (2012)]

———————

GROVER M. ENSLEY, EMPLOYEE, PLAINTIFF v. FMC CORPORATION, EMPLOYER, SELF-INSURED (BROADSPIRE, A CRAWFORD COMPANY, SERVICING AGENT), DEFENDANT

No. COA12-255

(Filed 21 August 2012)

**1. Workers' Compensation—attorney fees—defending without reasonable grounds**

The Industrial Commission did not err by finding and concluding that defendant had defended a workers' compensation claim without reasonable grounds and awarding attorney fees where defendant contended that none of plaintiff's experts had given an opinion on whether plaintiff was disabled, but the record showed that one of plaintiff's medical experts and defendant's

medical expert testified that plaintiff was disabled as a result of asbestosis.

## 2. Workers' Compensation—disability award—beginning date—clerical error

A workers' compensation disability award for asbestosis was remanded for correction of a clerical error regarding the date from which disability benefits were awarded.

## 3. Workers' Compensation—unreasonable defense—attorney fee award—reduced on remand

The Industrial Commission did not err in a workers' compensation case after remand from the Court of Appeals by reducing the amount of attorney fees awarded as a sanction for defending the claim without reasonable grounds. The remand required findings and conclusions on whether defendant acted without reasonable grounds and an award of attorney fees if the Commission saw fit. The Commission made the necessary findings and then concluded in its discretion that an award of attorney fees pursuant to N.C.G.S. § 97-88.1 was appropriate.

Appeal by plaintiff and defendant from the Amended Opinion and Award entered 19 October 2011 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 June 2012.

*Wallace & Graham, P.A., by Edward L. Pauley, for the plaintiff.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Deepa P. Tungare and M. Duane Jones, for the defendant.*

THIGPEN, Judge.

Grover M. Ensley ("Plaintiff") and FMC Corporation ("Defendant") appeal from an Amended Opinion and Award of the North Carolina Industrial Commission ("the Commission"). We must decide whether (I) the Commission erred by awarding attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 (2011); (II) the Commission erred by reducing the amount of the attorney's fees awarded; and (III) the Amended Opinion and Award contains a clerical error with respect to the date from which ongoing disability benefits were awarded to Plaintiff. Because the Commission did not err by finding and concluding that Defendant defended this claim without reasonable grounds, we affirm the Commission's award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Additionally, we hold the Commis-

**ENSLEY v. FMC CORP.**

[222 N.C. App. 386 (2012)]

sion was not precluded from altering the amount of attorney's fees awarded in its original opinion. Finally, we remand the portion of the Amended Opinion and Award awarding benefits "beginning January 30, 2006" and direct the Commission to correct this clerical error to award disability benefits to begin as of 18 June 2006.

## I. Factual and Procedural History

This case is back before this Court after being reversed and remanded in part to the Commission. Specifically, this Court (I) remanded to the Commission for additional findings of fact and conclusions of law regarding whether Defendant brought, prosecuted, or defended this action without reasonable grounds and (II) reversed and remanded with instructions for the Commission "to order disability benefits to begin as of 18 June 2006." *Ensley v. FMC Corp.*, No. COA10–522, 2011 N.C. App. LEXIS 494, 2011 WL 883638 (filed 15 March 2011) (unpublished) *("Ensley I")*. For a summary of the facts giving rise to the workers' compensation claim, reference is made to this Court's prior opinion. *See id.*

Following this Court's opinion reversing and remanding this case in part,[1] the Commission filed an Amended Opinion and Award on 19 October 2011. In the Amended Opinion and Award, the Commission made the following pertinent findings of fact and conclusion of law:

### Findings of Fact

21. The Full Commission finds based upon the greater weight of the credible evidence that Plaintiff suffers from asbestosis and silicosis as a result of his employment with Defendant-Employer. The Full Commission further finds that as of June 18, 2006, Plaintiff is permanently and totally disabled as a result of his asbestosis.

22. Based on the foregoing findings, the Full Commission finds that Defendants defended this claim without reasonable grounds.

### Conclusions of Law

7. As Defendants defended this claim without reasonable grounds, Plaintiff is entitled to have Defendants pay for the costs of this action including reasonable attorney's fees. N.C.

---

1. Following *Ensley I*, Defendant filed petitions for Writ of Supersedeas and for discretionary review of this Court's opinion. The North Carolina Supreme Court denied the petitions on 15 June 2011.

**ENSLEY v. FMC CORP.**

[222 N.C. App. 386 (2012)]

Gen. Stat. § 97-88.1. The Full Commission finds that $12,000.00 is a reasonable attorney[']s fee for Plaintiff's counsel to be charged to Defendants.

The Commission awarded the following:

1. Subject to the attorney's fees hereinafter approved, Defendants shall pay to Plaintiff permanent total disability benefits at the rate of $730.00 per week beginning January 30, 2006 and continuing for the remainder of Plaintiff's life. . . .

. . .

3. A reasonable attorney['s] fee in the amount of 25 percent of the compensation approved and awarded for Plaintiff is approved and allowed for Plaintiff's counsel. In addition, Defendants shall pay to Plaintiff's counsel a reasonable attorney's fee of $12,000, not to be deducted from the sums due to Plaintiff, pursuant to N.C. Gen. Stat. § 97-88.1 as part of the cost of this action. The attorney's fee shall be paid directly to Plaintiff's attorney.

Plaintiff and Defendant appeal from the Amended Opinion and Award. Defendant contends (I) the Commission erred by awarding attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 and (II) the Amended Opinion and Award contains a clerical error with respect to the date from which ongoing disability benefits were awarded to Plaintiff. Plaintiff contends the Commission erred by reducing the amount of attorney's fees awarded. We will address each appeal in turn.

## II. Standard of Review

"[O]n appeal from an award of the Industrial Commission, review is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law." *Richardson v. Maxim Healthcare/Allegis Group*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted).

## III. Defendant's Appeal

### A. Attorney's Fees

[1] Defendant first contends that the Commission erred in awarding Plaintiff attorney's fees under N.C. Gen. Stat. § 97-88.1 because Defendant had reasonable grounds to defend Plaintiff's claim. We disagree.

N.C. Gen. Stat. § 97-88.1 provides that "[i]f the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them."

The standard of review for an award or denial of attorney's fees under N.C. Gen. Stat. § 97–88.1 is a two-part analysis:

> First, whether the defendant had a reasonable ground to bring a hearing is reviewable by this Court *de novo*. If this Court concludes that a party did not have reasonable ground to bring or defend a hearing, then we review the decision of whether to make an award and the amount of the award for an abuse of discretion. In conducting the first step of the analysis, the reviewing court should consider the evidence presented at the hearing to determine reasonableness of a defendant's claim. As such, the burden is on the defendant to place in the record evidence to support its position that it acted on reasonable grounds.

*Blalock v. Southeastern Material*, \_\_\_\_ N.C. App. \_\_\_\_, \_\_\_\_, 703 S.E.2d 896, 899 (2011) (internal citations and quotation marks omitted). "The test is not whether the defense prevails, but whether it is based in reason rather than in stubborn, unfounded litigiousness." *Cooke v. P.H. Glatfelter/Ecusta*, 130 N.C. App. 220, 225, 502 S.E.2d 419, 422 (1998) (quotation and quotation marks omitted).

Here, Defendant challenges finding of fact number 22 and conclusion of law number 7 which both state that "Defendants defended this claim without reasonable grounds."[2] Although Defendant does not dispute that four doctors testified that Plaintiff had asbestosis as a result of his employment with FMC Corporation, Defendant contends that none of the doctors or the vocational counselor testified that Plaintiff was actually disabled as a result of his asbestosis. Plaintiff contends that Defendant's denial of the claim was unreasonable because Defendant's medical expert, Dr. Selwyn Spangenthal, "determined that Plaintiff was disabled due to the asbestosis." We agree with Plaintiff.

---

2. Defendant also challenges "all the Findings of Fact to the extent they imply Defendants' defense of the matter was unreasonable or omit relevant testimony establishing that Defendants' defense was in fact reasonable[.]"

Defendant first contends that none of Plaintiff's three medical experts—Drs. Jill Ohar, Fred Dula, and Stephen Proctor—gave an opinion on whether Plaintiff was disabled. Although Dr. Dula testified that he did not make a disability determination in this case, the record shows that Drs. Ohar and Proctor did testify regarding Plaintiff's disability. Dr. Proctor stated that although he did not do a disability evaluation, he agreed that the results of Plaintiff's breathing tests would "be consistent with someone who's disabled because of their breathing problems[.]" Moreover, when Dr. Ohar was asked whether she agreed that Plaintiff "is disabled from working" based upon "vocational findings and his physical defects, including the breathing impairments" caused by asbestosis and silicosis, Dr. Ohar stated, "Yeah, I would believe that. I agree with that."

Defendant also points to Dr. Spangenthal's statement that Plaintiff "might be comfortable sitting at a desk" but could not do any physical activity, as evidence that Plaintiff was not disabled from all activity. However, Dr. Spangenthal, who performed an independent medical evaluation at Defendant's request, also testified as follows regarding Plaintiff's disability:

> Q. And you had talked about, you were talking about disability and I think on your report you put he is disabled as a result of his lung disease.
>
> A. That's correct.
>
> Q. And you are saying that he's disabled from doing any work, any type of work?
>
> A. Right. So the thing is that when he spoke to me and he gave me the history, he said that over the past ten years he had noticed a gradual worsening of shortness of breath. . . . The other problem that he did have was that he had a chronic cough that was irritating and occurred throughout the day. And so that might limit his ability to work as well. So both of those factors would play a role. So in terms of doing any type of physical activity in his employment, I think he would be disabled.

Dr. Spangenthal further stated:

> Q. Finally, Doctor, it is plaintiff's position that Mr. Ensley was exposed to various dust, including asbestos, during his employment with FMC, and as a result of that exposure he developed [the] lung disease of asbestosis, that the lung disease is severe

and has rendered him unable to work in any employment. Do you agree with the plaintiff's argument in this case?

. . .

A.  Yes, I do.

In direct contradiction to Defendant's arguments, the record shows that Dr. Ohar and Dr. Spangenthal each testified that Plaintiff is disabled as a result of asbestosis. Defendant presented no evidence to the contrary. Thus, the expert medical testimony in this case demonstrates that there was no genuine basis for Defendant's denial or defense of Plaintiff's claim. *See Blalock*, ____ N.C. App. at ____, 703 S.E.2d at 902 (stating that "Defendants' ignorance, or affirmative disregard, of these longstanding opinions [of three medical experts] directly contradicting their position renders their defense unreasonable and unfoundedly litigious under N.C. Gen. Stat. § 97–88.1") (citation omitted). We hold the Commission did not err by finding and concluding that Defendant defended this claim without reasonable grounds. Accordingly, we reject Defendant's argument that the Commission erred in awarding Plaintiff attorney's fees under N.C. Gen. Stat. § 97-88.1.

### B.  Clerical Error

[2] Defendant next contends the Amended Opinion and Award contains a clerical error with respect to the date from which ongoing disability benefits were awarded to Plaintiff. Specifically, Defendant argues the date from which ongoing disability benefits should be awarded is 18 June 2006, rather than 30 January 2006. We agree.

In *Ensley I*, this Court held that because Plaintiff was not diagnosed with asbestosis until 18 June 2006, "the Commission erred by ordering disability benefits to begin on 30 January 2006. This ruling is reversed and remanded to the Commission with instructions to order disability benefits to begin as of 18 June 2006." *Ensley*, 2011 N.C. App. LEXIS 494 at *20, 2011 WL 883638 at *7. Accordingly, in its Amended Opinion and Award, the Commission found as fact that "as of June 18, 2006, Plaintiff is permanently and totally disabled as a result of his asbestosis." The Commission also concluded that "as a result of Plaintiff's asbestosis, Plaintiff is permanently and totally disabled from any employment and is entitled to receive permanent total disability compensation . . . beginning June 18, 2006." However, the Commission awarded Plaintiff permanent total disability benefits "beginning January 30, 2006[.]"

Considering this Court's holding in *Ensley I* and the Amended Opinion and Award as a whole, the Commission's language awarding benefits "beginning January 30, 2006" appears to be a clerical error. Thus, we remand the portion of the Amended Opinion and Award awarding benefits "beginning January 30, 2006[,]" and we direct the Commission to correct this error to award disability benefits to begin as of 18 June 2006.

## IV. Plaintiff's Appeal

[3] Plaintiff's sole argument on appeal is that the Commission erred by reducing the amount of the attorney's fee sanction from 25 percent of the compensation awarded to Plaintiff to $12,000. We disagree.

### A. Summary of the Original and Amended Opinion and Award

In its Opinion and Award filed 29 December 2009 ("2009 Opinion and Award"), the Commission, citing N.C. Gen. Stat. § 97-88, entered the following award:

> 3. A reasonable attorney['s] fee in the amount of 25 percent of the compensation approved and awarded for [P]laintiff is approved and allowed for [P]laintiff's counsel. The attorney's fee shall not be deducted from the compensation due [P]laintiff but paid as a part of the cost of this action. The attorney's fee shall be paid directly to [P]laintiff's counsel.

In *Ensley I*, this Court noted that the reference to section 97-88, rather than section 97-88.1, was likely a typographical error. *Ensley I*, 2011 N.C. App. LEXIS 494 at *18, 2011 WL 883638 at *7. We then held:

> The Opinion and Award is devoid of any findings of fact or conclusions of law regarding whether defendants brought, prosecuted, or defended this action without reasonable grounds. This issue must be remanded to the Commission for further findings of fact and conclusions of law. Upon remand, the Commission should make certain that it cites the statutory provision upon which any award of attorney's fees is based.

*Id.* (citation omitted). *Ensley I* did not require the Commission to make findings of fact and conclusions of law *in support of* its award of attorney's fees in the 2009 Opinion and Award, but rather instructed the Commission to make findings and conclusions on the question of the reasonableness of Defendant's defense of Plaintiff's claim, and additionally, to cite the statute under which "any award of attorney's fees is based." *Id.* Thus, on remand, the Commission's task

**ENSLEY v. FMC CORP.**

[222 N.C. App. 386 (2012)]

was to make findings of fact and conclusions of law on the question of whether Defendant acted without reasonable grounds, and in turn, to award attorney's fees *if and as it saw fit.*[3]

In its Amended Opinion and Award entered 19 October 2011, the Commission made findings of fact about the unreasonableness of Defendant's action in defending Plaintiff's claim and concluded, *inter alia,*

> 7. As defendants defended this claim without reasonable grounds, Plaintiff is entitled to have Defendants pay for the costs of this action including reasonable attorney's fees. N.C. Gen. Stat. § 97-88.1. The Full Commission finds that $12,000.00 is a reasonable attorney[']s fee for Plaintiff's counsel to be charged to Defendant.

Based on its findings of fact and conclusions of law, the Commission entered the following award:

> 3. A reasonable attorney['s] fee in the amount of 25 percent of the compensation approved and awarded for Plaintiff is approved and allowed for Plaintiff's counsel. In addition, Defendants shall pay to Plaintiff's counsel a reasonable attorney's fee of $12,000.00, not to be deducted from the sums due Plaintiff, pursuant to N.C. Gen. Stat. § 97-88.1 as a part of the cost of this action. The attorney's fee shall be paid directly to Plaintiff's attorney.

The attorney's fee award in the Amended Opinion and Award thus differs in three respects from the award in the 2009 Opinion and Award: First, the Commission awarded Plaintiff's counsel attorney's fees of *both* 25 percent of the compensation awarded to Plaintiff, and, "[i]n addition," $12,000.00 pursuant to section 97-88.1. Second, the Commission chose to award Plaintiff's counsel an attorney's fee of $12,000.00 from Defendant, "not to be deducted from the sums due Plaintiff." Finally, in awarding an attorney's fee of 25 percent of Plaintiff's compensation, the Commission chose not to provide that this award should not be deducted from the compensation due Plaintiff. Thus, this portion of the award of the attorney's fee will

---

3. Even where a defendant is found to have acted unreasonably in defending an action, the Commission has the discretion to award or not to award attorney's fees under the statute. *See Taylor v. J.P. Stevens Co.,* 307 N.C. 392, 397, 298 S.E.2d 681, 684 (1983) (stating that "[t]he language of . . . G.S. 97-88.1 clearly indicates that an award of attorneys' fees is not required to be granted. Such language places the decision of whether to award attorneys' fees within the sound discretion of the Industrial Commission.").

come out of Plaintiff's compensation award, rather than be paid in addition to it.

## B. Analysis

On appeal, Plaintiff essentially argues that, on remand from this Court, the Commission was precluded from altering the amount of attorney's fees awarded in its original opinion and was limited to making findings of fact and conclusions of law in support of its 2009 Opinion and Award. We disagree.

"Under [section 97-88.1], *before making an award*, the Commission must determine that a hearing " 'has been brought, prosecuted, or defended without reasonable ground.' " *Swift v. Richardson Sports, Ltd.*, 173 N.C. App. 134, 143, 620 S.E.2d 533, 539 (2005) (quoting N.C. Gen. Stat. § 97-88.1) (emphasis added), *disc. review denied*, 360 N.C. 545, 635 S.E.2d 60 (2006). Accordingly, any award of attorney's fees pursuant to section 97-88.1 must be supported by findings of fact and conclusions of law. *Id.; see also Price v. Piggy Palace*, 205 N.C. App. 381, 391, 696 S.E.2d 716, 723 (2010) ("An award of attorney's fees under this section [97-88.1] requires the Commission to find that the original hearing 'has been brought, prosecuted, or defended without reasonable ground.' " ).

Without such findings of fact and conclusions of law, an award of attorney's fees under the statute cannot stand and is, in effect, a nullity. Put another way, the competent evidence before the Commission dictates its findings of fact which in turn lead to its conclusions of law, upon which basis the Commission then makes its award, if any. The Commission does not determine an award and then work backward to the necessary findings of fact. To hold, as Plaintiff would have this Court do, that an award of attorney's fees, unsupported by statutorily-required findings of fact and conclusions of law, cannot be altered on remand would be to render the Commission's failure to make findings of fact and conclusions of law nothing more than a clerical error.

On remand, the Commission could have made findings of fact and conclusions of law which led it to award attorney's fees under section 97-88.1, or under section 97-88, or under both statutes, or under neither statute. Here, after making the findings of fact necessary to "determine that any hearing has been brought, prosecuted, or defended without reasonable ground," the Commission concluded in its discretion that an award of attorney's fees pursuant to section

97-88.1 was appropriate as described in its Amended Opinion and Award. This the Commission was entitled to do under our statutory and case law. Accordingly, we reject Plaintiff's argument.

AFFIRMED IN PART, REMANDED IN PART.

Judges BRYANT and STEPHENS concur.