IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-756

Filed: 3 May 2016

North Carolina Industrial Commission, Nos. Y16837 & Y20122

ALLAN ROBERT CAMPBELL, Plaintiff,

v.

GARDA USA, INC. and NEW HAMPSHIRE
INSURANCE COMPANY, Defendants.

Appeal by defendants from opinion and award entered 19 March 2015 by the

North Carolina Industrial Commission.  Heard in the Court of Appeals 3 December

2015.

> *Charles G. Monnett, III & Associates, by Lauren O. Newton, for employee*
> *plaintiff-appellee.*
>
> *Hedrick, Gardner, Kincheloe & Garofalo, LLP, by M. Duane Jones, Jeffrey A.*
> *Kadis, and Brooke A. Mullenex, for employer and carrier defendant-appellants.*

DIETZ, Judge.

Plaintiff Allan Campbell suffered two workplace injuries while employed by

Defendant Garda USA: one in December 2011 and one in July 2012.  He reported

both injuries to his employer immediately after they occurred.  Campbell did not miss

any work, but his injuries required medical treatment.

In August 2012, Campbell filed separate workers' compensation claims for his

two workplace injuries.  In November 2012, Garda agreed to pay medical benefits for

the December 2011 injury, while reserving its right to later contest compensability. Garda denied the claim for the July 2012 injury.

During discovery, Garda falsely stated that it did not possess any written documents concerning the 2012 injury. In a later deposition, a Garda employee conceded that a written document existed and indicated that he had a copy on his computer, which he had with him at the deposition. Garda's lawyers then told the employee to stop talking and to power down his computer. Even after the deposition, Garda still refused to produce the document and, ultimately, a deputy industrial commissioner had to order its production. In its final opinion and award, the Industrial Commission imposed attorneys' fees on Garda under N.C. Gen. Stat. § 97–88.1 for "unfounded litigiousness."

On appeal, Garda contends that some of the grounds on which the Commission relied to award attorneys' fees are erroneous. As explained below, we agree with Garda that some of the Commission's reasoning, such as faulting Garda for asserting an unfounded notice defense that Garda never actually asserted, would not support attorneys' fees. But Garda's discovery violation readily provides a legal basis for attorneys' fees under N.C. Gen. Stat. § 97–88.1. Accordingly, we hold that attorneys' fees under § 97–88.1 are permitted in this case but, because some of the Commission's reasoning is erroneous, remand for the Industrial Commission to reassess its attorneys' fees award in light of the unfounded litigiousness described in this opinion.

**Facts and Procedural History**

On 1 December 2011, Allan Campbell sprained his left ankle while working for Garda USA, Inc. Campbell immediately informed his manager of the incident. He received medical treatment for the sprain, including physical therapy and various forms of pain medication. Campbell did not miss any work as a result of his injury.

On 19 July 2012, Campbell again injured himself when he slipped and fell while trying to lift a wooden pallet at work. After his fall, Campbell sent an email to his branch manager to notify him of the incident. The email had the subject line "keep this on file" and stated as follows:

> I lifted a pallet and slipped on oil in the bay. Tweaked my lower back. I will take it easy today but at this time do not wish to seek medical. That's all I need right now is to file a claim with all of the stuff going on. We need to get oil dry today.

No one witnessed Campbell's fall, and he did not seek immediate medical treatment.

On 27 July 2012, Garda terminated Campbell's employment due to poor job performance. Later that day, at a scheduled appointment with his doctor concerning his high blood pressure, Campbell informed his doctor that he had severe back pain and explained that the pain originated with his fall earlier in the month.

On 6 August 2012, Campbell filed a claim against Garda for his December ankle injury. Two days later, Campbell filed another claim, this time addressing his July back injury.

On 8 November 2012, Garda agreed to pay Campbell's medical expenses without prejudice to later denying the compensability of the claim using Form 63. Garda denied the compensability of Campbell's back injury using Form 61. The two claims were later consolidated for hearing before a deputy industrial commissioner.

During discovery, Campbell requested that Garda identify any statements obtained from Garda employees concerning Campbell's back injury and to turn over any documents concerning that injury. Garda initially responded to these requests with a blanket objection based on attorney-client privilege. After further discussion between counsel for the parties, Garda amended its discovery responses and stated that it was "not in possession of any written statement, photograph, writing or document related to the incident [on 19 July 2012]."

Six months later, Campbell deposed Bart Gibbons, a Garda risk management analyst, via telephone. During Gibbons's deposition testimony, he acknowledged that the company that manages Garda's workers' compensation claims had made an entry concerning Campbell's 19 July 2012 back injury in records accessible to Garda. That entry, called a "first report of injury," is part of a generated report described by Gibbons as "an internal document that comes from [a] third-party administer [sic]."

Gibbons had a copy of that document on his computer, which he had with him as he was testifying. When Campbell's counsel asked Gibbons to provide her with a copy of that document, counsel for Garda instructed Gibbons not to comply with that

request and further instructed him to power down his computer and "not testify to anything that you are looking at on your computer." Gibbons obeyed, and Campbell's counsel expressed her intention to seek a ruling from the deputy industrial commissioner compelling Garda to produce the document. She then instructed the court reporter to hold Gibbons's deposition open pending a determination from the Industrial Commission.

After further motions practice, the deputy industrial commissioner ordered Garda to produce the document. The following day, Garda produced the document to Campbell. It contained an entry dated 27 July 2012 indicating that Campbell "slipped on an oil spill" and "sustained unknown injuries to back." As the Full Commission later found, this evidence, which was plainly responsive to Campbell's discovery request, "was not produced voluntarily and . . . [Garda] had to be compelled by the Commission to produce [it]."

On 23 May 2014, the deputy commissioner filed an opinion and award ordering Garda to pay certain medical expenses incurred, or to be incurred, from Campbell's injuries, and ordering Garda to pay Campbell's attorneys' fees in the amount of $13,212.50. On 5 June 2014, Garda appealed to the Full Commission. The Full Commission affirmed and Garda timely appealed its award of attorneys' fees to this Court.

## Analysis

The North Carolina Workers' Compensation Act grants the Industrial Commission the authority to impose attorneys' fees on either party if it determines that "any hearing has been brought, prosecuted, or defended without reasonable ground." N.C. Gen. Stat. § 97–88.1. Our precedent requires us to review an award under § 97–88.1 using a two-part test. First, this Court reviews *de novo* the legal question of whether a claim was "brought, prosecuted, or defended without reasonable ground." *Ensley v. FMC Corp.*, 222 N.C. App. 386, 390, 731 S.E.2d 855, 858 (2012). If our *de novo* review reveals that there were legal grounds to impose fees, we then review the Industrial Commission's determination of "whether to make an award and the amount of the award" for abuse of discretion. *Id.*

We have no hesitation in concluding that Garda's conduct satisfies the statutory criteria for imposing attorneys' fees under the first prong of our two-part review. The record indicates that Garda falsely stated in discovery responses that it did not have any information concerning Campbell's July 2012 back injury when, in fact, it had information, and had access to a document, relevant to issues of compensability. Moreover, after a Garda employee's deposition revealed the existence of the responsive document (which Garda previously denied even existed), Garda did not immediately produce it. Ultimately, upon Campbell's motion, a deputy industrial commissioner had to order its production. As a matter of law, this type of

discovery violation satisfies the statutory criteria of N.C. Gen. Stat. § 97–88.1 and permits the Industrial Commission, in its discretion, to impose attorneys' fees. *See Hauser v. Advanced Plastiform, Inc.*, 133 N.C. App. 378, 385–89, 514 S.E.2d 545, 550–53 (1999).

Garda does not dispute the underlying facts surrounding its discovery violation, but argues that the Industrial Commission also relied on two improper grounds in awarding attorneys' fees: first, that Garda failed to contest the claim within 90 days in violation of N.C. Gen. Stat. § 97–18(d) and, second, that Garda asserted an unfounded notice defense. Garda argues that both of these grounds are erroneous because N.C. Gen. Stat. § 97–18(d) does not apply to medical benefits-only claims and Garda never asserted a notice defense.

We agree with Garda that the Industrial Commission relied on these two grounds in awarding fees under § 97–88.1, as the Commission's order indicates:

> Although defendants accepted plaintiff's foot injury as medical only via a Form 63, *they never "contest[ed] the compensability of the claim or its liability therefore [sic] within 90 days from the date [they] first ha[d] written or actual notice of the injury" in accordance with N.C. Gen. Stat. § 97–18(d).* As a result of the denial of medical treatment for Plaintiff's foot, Plaintiff was denied medical treatment for his injury for over a year. Furthermore, *defendants denied plaintiff's back injury on the basis that they had no notice of said injury* despite overwhelming evidence to the contrary that was not produced voluntarily and which they had to be compelled by the Commission to produce. The behavior of the defendant-employer in this claim has been unfoundedly litigious and defendant-employer is therefore subject to sanctions pursuant to N.C. Gen. Stat. § 97–88.1.

We also agree with Garda that neither of these two grounds would support an award of attorneys' fees under § 97–88.1. First, Form 63—the document issued by the Industrial Commission for use in paying medical benefits without prejudice to later challenging compensability—indicates that N.C. Gen. Stat. § 97–18(d) and its corresponding 90-day response requirement do not apply to a medical benefits-only claim like Campbell's. Thus, even if that statute and its 90-day provision apply here, Garda's failure to comply with that statutory requirement, standing alone, was not unreasonable. We cannot fault Garda for relying on the instructions in a government-issued form.[1]

Likewise, Garda did not assert a notice defense in this case. The Commission cannot award attorneys' fees for asserting an unfounded defense that Garda never actually asserted.

In short, although there are grounds to impose attorneys' fees under § 97–88.1 in this case, the Commission at least partially relied on two erroneous grounds in its analysis. Ordinarily, when a lower court's decision is based in part on proper grounds but in part on an error of law, "it is appropriate to remand for reconsideration in light of the correct law." *Free Spirit Aviation, Inc. v. Rutherford Airport Auth.*, 206 N.C. App. 192, 204, 696 S.E.2d 559, 567 (2010); *see also Blitz v. Agean, Inc.*, 197 N.C. App.

---

[1] Whether N.C. Gen. Stat. § 97–18(d) actually applies to a medical benefits-only claim is not an issue before this Court. The only issue we address is whether, for purposes of awarding attorneys' fees under § 97–88.1, it was reasonable for Garda to rely on the instructions in Form 63.

296, 312, 677 S.E.2d 1, 11 (2009).  Accordingly, we vacate and remand this matter for the Commission to reassess its attorneys' fees award in light of this opinion.

## Conclusion

The portion of the Industrial Commission's opinion and award concerning attorneys' fees under § 97–88.1 is vacated and remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED IN PART.

Judges STROUD and TYSON concur.